THE NELSON BULLOCK COMPANY v. SOUTH DOWN DEVELOPMENT COMPANY.

181 So. 365.

Division A.

Opinion Filed April 28, 1938.

Rehearing Denied June 1, 1938.

*John Willis Ball,* for Appellant;

*MacWilliams & Upchurch* and *Frank D. Upchurch,* for Appellee.

TERRELL, J.—On February 11, 1936, Appellant, Nelson-Bullock Company, a corporation, claiming the ownership of certain real estate in St. Johns County, instituted a suit to quiet title thereon pursuant to Sections 5010 to 5019, Compiled General Laws of 1927, making the Southern Real Estate Corporation and others, parties defendant. Coeval with filing the bill of complaint, there was also filed notice of *lis pendens* by the complainant.

On March 26, 1936, an action at law was instituted against Southern Real Estate Corporation resulting in a judgment in favor of Charles A. Powers, the plaintiff, dated April 11, 1936. Execution was issued and the lands were sold to Charles A. Powers and wife, who in turn conveyed their interest so acquired to Appellee, South Down Development Company, the lands so conveyed being the identical ones described in the bill to quiet title and the notice of *lis pendens.*

On July 20, 1936, South Down Development Company petitioned the Court to be permitted to intervene in the suit to quiet title. Nelson-Bullock Company moved to dismiss the petition to intervene, which was denied, but instead an order was entered October 31, 1936, permitting South Down Development Company to intervene. Nelson-Bul-

lock Company prosecuted this appeal from the order denying its motion to dismiss the petition to intervene and that permitting South Down Development Company to intervene.

The sole question we are called on to answer is whether or not South Down Development Company, a purchaser *pendente lite,* may be permitted to intervene in a suit to quiet title brought under Sections 5010 to 5019, Compiled General Laws of 1927, notice of *lis pendens* having been filed at the time suit to quiet title was brought.

It appears admitted that prior to the enactment of the 1931 Chancery Act, this question was answered in the negative by Peninsular Naval Stores Co. v. Cox, *et al.,* 57 Fla. 505, 49 So. 191, and Intermediary Finance Corporation v. McKay, *et al.,* 93 Fla. 101, 111 So. 531; and other cases of similar import, but it is contended by Appellee that the rule was modified by the latter Act to permit intervention in cases of this kind by the Chancellor in his discretion at any time before final decree is entered.

Sections 5010 to 5019, Compiled General Laws of 1927, under which the main cause was brought, were embraced in Chapter 11383, Acts of 1925, which was enacted after the cases relied on by Appellant for reversal were litigated. The 1931 Chancery Act was also enacted after the said cases were litigated, Section Nine, the pertinent part, being as follows:

"Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

From this, it would seem that subject to the discretion of the Chancellor intervention in equity causes may be per-

mitted at any time during the progress of the case. In this case, South Down Development Company asserts a superior title to Appellant and was permitted to intervene for the purpose of filing its answer to determine this question. We find no error in the decree appealed from. Such is the rule of the Federal Courts. Mellen v. Moline Malleable Iron Works, 131 U. S. 352, 9 Sup. Ct. 781, 33 L. Ed. 178; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Dutcher v. Haines City Estates, 26 Fed (2d) 669.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.