404 So.2d 1144 (1981)
IN the INTEREST OF J.S., a Child.
Evelyn HAMEL, Petitioner,
v.
Patricia SEEKELL; and State of Florida, Department of Health and Rehabilitative Services, Respondents.
No. 81-1022.
District Court of Appeal of Florida, Fifth District.
October 21, 1981.
*1145 Marc L. Lubet of Lubet & Horwitz, P.A., Orlando, for petitioner.
Russell H. Cullen, Jr., Altamonte Springs, for respondent Patricia Seekell.
COBB, Judge.
Petitioner Evelyn Hamel, the grandmother of a child currently the object of dependency proceedings, seeks certiorari review of a non-final order that denied her motion to intervene in the proceedings.[1] The issue in this case is whether the denial of Hamel's motion to intervene was a departure from the essential requirements of the law.[2] We hold that it was not, and deny the writ.
Hamel's motion to intervene followed the dismissal of her petition which sought permanent commitment of the child. Her petition did not initiate the dependency proceedings; the HRS had previously filed a petition that sought to have the child adjudicated dependent. The child's mother moved to dismiss Hamel's petition on the ground that it was not an original petition for dependency as contemplated by section 39.404, Florida Statutes (1979),[3] and because Hamel had no standing as a "contestant" under Chapter 61 of the Florida Statutes.
In its ruling, the trial court concluded that Hamel's petition for dependency and commitment was a "legal nullity" under Chapter 39; the court further concluded that Chapter 61 did not apply to the proceedings. Ruling that Hamel had no standing to enter the dependency proceedings, the court prohibited her attorney from calling and cross-examining witnesses. Following the dismissal of her petition for dependency and commitment, Hamel filed her motion to intervene, which was denied. It is the denial of intervention that Hamel asks this court to review.
For the proposition that grandparents have standing in juvenile dependency hearings, Hamel cites three cases: In re K.S.K., 294 So.2d 50 (Fla. 1st DCA 1974); In re A.W., 230 So.2d 200 (Fla. 1st DCA 1970); In re R.J.C., 300 So.2d 54 (Fla. 1st DCA 1974). These cases are distinguishable from the present case and do not support Hamel's contention. In K.S.K., a married couple who were neither the natural parents of a child nor its legal custodians, but who were its custodians-in-fact, were found to have standing to contest the state's petition for permanent commitment for adoptive purposes. In the present case, the child's legal custodian as well as custodian-in-fact has been the child's mother, not Mrs. Hamel.
In A.W., paternal grandparents who had been awarded temporary custody appealed an order that removed their grandchildren from their custody and placed them with *1146 their natural mother. As with K.S.K., A.W. is distinguishable from the present case because Hamel is not the child's custodian.
In R.J.C., the third case cited by Hamel, the court reviewed an order committing a child to a child-placing agency for subsequent adoption, and declared that the maternal grandmother's petition for custody should be granted, thereby awarding the grandmother custody. The R.J.C. court concluded that the grandparents had standing because of then-section 39.10(5), which provided that where the parents of the child were unfit, and there was a close relative who was fit, ready, able and willing to be awarded custody, the court was required to award custody to that close relative, rather than a foster home or state agency. This mandatory disposition was not reenacted, however, with the 1978 adoption of the comprehensive Juvenile Justice Act.
Furthermore, Chapter 61 of the Florida Statutes does not grant standing to Hamel qua grandparent in this dependency action. Section 61.131, Florida Statutes (1979), requires that before a final decree is made in a dependency proceeding, "reasonable notice and opportunity to be heard shall be given to all contestants ... ." [Emphasis added]. "Custody proceedings," as defined for purposes of the Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-48, include child neglect and dependency proceedings. § 61.1306(3), Fla. Stat. (1979). Chapter 61 does not avail Mrs. Hamel, however, because she is not a "contestant" under section 61.1306(1): as a grandparent, though eligible to receive custody, she has no right to custody should the child be adjudged dependent. The trial court may choose between several dispositional alternatives. See § 39.41, Fla. Stat. (Supp. 1980).[4]
Likewise, Chapter 39 is devoid of authority that would allow a grandparent to enter an ongoing dependency action solely in his or her capacity as a grandparent. It was the HRS, not Mrs. Hamel, who originally petitioned for the adjudication of dependency. It is the child's mother, not Mrs. Hamel, who is legal custodian and custodian-in-fact; it is she, not Mrs. Hamel, who stands to lose a legal right. As previously discussed, Mrs. Hamel has no right to custody in the event the child is adjudged dependent; under the law, Mrs. Hamel will not be adversely affected by the outcome of the case.
A motion to intervene involves the exercise of the trial court's discretion, and the trial court will not be reversed in the absence of an abuse of that discretion. Nelson Bullock Co. v. Southdown Development Co., 132 Fla. 495, 181 So. 365 (1938); Wong v. Wersebe, 365 So.2d 429 (Fla.3d DCA 1978); Wogisch v. Tiger, 193 So.2d 187 (Fla. 4th DCA 1966). See also The Florida Bar, Florida Civil Practice Before Trial § 11.9 (1975). Because as grandmother Mrs. Hamel has no right to participate in her grandchild's dependency proceedings, and because the trial court has taken adequate steps to ensure full disclosure of all facts relevant to such determination, we cannot say that the trial court abused its discretion by denying the motion to intervene.[5] The essential requirements of law having been met, the petition for writ of certiorari is
DENIED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Hamel's previously-filed "Petition for Permanent Commitment to Grandparents," filed subsequent to the petition by the Department of Health and Rehabilitative Services (HRS), had been dismissed upon motion by the child's mother.
[2] Common-law certiorari is a discretionary writ that will be issued to review non-final orders where there is a clear showing that the body below:

(a) departed from the essential requirements of the law;
(b) resulting in material harm;
(c) for which remedy by appeal would be inadequate.
Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Schonfeld v. Hughes Supply, Inc., 392 So.2d 324 (Fla. 1st DCA 1980); Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), review denied, 397 So.2d 779 (Fla. 1981); Pic v. Hoyt Development Co., Inc., 309 So.2d 586 (Fla. 2d DCA 1975).
[3] Sub-section 1 provides:

All proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by the state attorney, an authorized agent of the Department, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.
[4] Subsequent to disposition, Mrs. Hamel could, as an "interested person," petition the court for a change in placement, based upon a "need for a change in the placement." § 39.41, Fla. Stat. (Supp. 1980). But even if there was a need for a change, Mrs. Hamel would not be entitled to custody merely because she brought the petition. See Id.
[5] We would reach the same result had Mrs. Hamel moved to become a party pursuant to Florida Rule of Juvenile Procedure 8.340. We do not herein address the issue of whether the juvenile rules are the exclusive mode of becoming an additional party to a dependency proceeding.