498 So.2d 1060 (1986)
Caren Brenda PRICKETT, Appellant,
v.
Dan Thomas PRICKETT, Appellee.
No. 86-604.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
*1061 Myrna E. Gans, Bridgeport, Conn., and Barbara J. Compiana, of Edna L. Caruso, P.A., West Palm Beach, for appellant.
No appearance for appellee.
UPCHURCH, Chief Judge.
Caren Prickett appeals an order holding her in contempt for violating a child custody order. We reverse.
The wife and her former husband, Dan Prickett, were married in South Carolina and divorced in Florida in 1982. The final judgment of dissolution awarded joint custody of the parties' minor child with her primary residence to be with the wife. In 1984, the wife and child moved to Connecticut where they continue to reside.
In May 1985, the husband secured an order of modification of custody from the Florida court in which the wife was admonished for moving her residence without the prior approval of the court.[1] The court also stated that it would insist on full cooperation from the wife with respect to visitation by the husband and, if not, sanctions, including contempt, would be imposed. The court also found that in all other respects the wife had been a good mother and did not believe it to be in the best interest of the child to change custody. The court, however, modified the husband's visitation rights because of the wife's move to Connecticut.
In December 1985, the wife filed a complaint in Connecticut seeking to enjoin the husband from exercising his visitation rights. The husband filed a limited appearance to contest the jurisdiction of the Connecticut court. However, the husband later appeared for the hearing in Connecticut where the parties submitted a visitation agreement which was approved by the Connecticut court and incorporated into an order dated January 30, 1986.
In January 1986, the husband moved in the Florida court for a modification of custody and to hold the wife in contempt. The Florida court found that it had jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act as the "home state" because all parties had resided in Florida at the time of the proceedings and the active contempt was the violation of the Florida court's visitation order. The court also found the wife in violation of its May 1985 order by willfully removing the child from Florida.
The order of May 1985 did not provide that the wife could not remove the child and, in fact, the wife and child were already residing in Connecticut as noted in the order. Because of this move, the court modified the husband's visitation rights. Therefore, the court's finding that the wife was in contempt for "willfully removing" the child is clearly improper because she was not prevented from moving to and continuing her place of residence in Connecticut. In addition, we hold that the Florida court erred in exercising its jurisdiction under the Uniform Child Custody Jurisdiction Act.
Florida has adopted the Uniform Child Custody Jurisdiction Act, sections 61.1302-61.1348, Florida Statutes (1985). The Act is designed to give only one state jurisdiction to determine custody, unless exceptional circumstances exist. The intent is to avoid interstate competition and conflict and to discourage parental child snatching. Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980).
The general rule is that the "home state" of the child should have the jurisdiction to hear and determine custody matters. Id. Section 61.1308, Florida Statutes (1985), provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or

*1062 2. Had been the child's home state within 6 months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
The term "home state" is defined as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least 6 consecutive months... ." § 61.1306(5), Fla. Stat. (1985). According to the transcript from the hearing in Connecticut, the wife and child had resided in Connecticut for the previous seventeen months. Thus, contrary to the finding by the Florida court, Connecticut is the "home state" under the UCCJA.[2]
Since Florida is not the "home state," exceptional circumstances must be alleged and proved to establish a basis for subject matter jurisdiction here. Hegler. Subsection (b) of section 61.1308(1) provides for jurisdiction if it is in the best interest of the child and if:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
There is nothing in the documents and transcript filed on appeal which suggest that the child still has a significant connection with the state of Florida. And, even if she did, substantial evidence concerning her care would not appear to be available in Florida because the child has spent the last two years in Connecticut with the wife. Thus, Connecticut is better able to evaluate the child's situation. Since no exceptional circumstances were present, the Florida court should have declined to exercise its jurisdiction in this matter.
This conclusion is supported by section 61.1314 which governs simultaneous proceedings in other states. This section provides as follows:
(1) A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
(2) Before hearing the petition in a custody proceeding, the court shall examine the pleadings and other information supplied by the parties under s. 61.132 and shall consult the child custody registry established under s. 61.1334 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state, it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
(3) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with ss. 61.134-61.1346. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state, it shall immediately inform that court of the fact. If the court is informed that a proceeding *1063 was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.
Here, the wife's proceeding in Connecticut was begun in December, 1985. The husband did not file his motion for contempt and for modification until January 1986. The order being appealed is dated March 13, 1986, some six weeks after the hearing was held in Connecticut. The Connecticut court was exercising jurisdiction substantially in conformity with this Act and thus the Florida court should not have exercised its jurisdiction.
REVERSED.
COBB and COWART, JJ., concur.
NOTES
[1] The final judgment of dissolution did not prohibit removal of the child from the state.
[2] The fact that the dissolution decree was entered in Florida does not prevent loss of jurisdiction if the child has resided elsewhere for six months. Hegler.