501 So.2d 168 (1987)
Thomas BRETTI, Appellant,
v.
Gail MacDONALD, Appellee.
Thomas Bretti, Petitioner,
v.
Honorable Francis X. Knuck, Circuit Court Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
Nos. 86-3131, 86-3168.
District Court of Appeal of Florida, Third District.
January 27, 1987.
*169 Brian R. Hersh and Mitchell J. Panter, Miami, for appellant/petitioner.
Jack T. Headley and Kenneth Sherouse, Jr., Anthony Paterna, Miami, for appellee.
James Dougherty, Miami, for respondent.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
Petitioner, father of a minor child, was awarded custody of the child by a July 1, 1986 decree of a Texas court after a jury trial.[1] He brought the child to Florida in the late summer for a temporary stay and while here was served, on September 12, 1986, with a Rule to Show Cause, issued on the mother's motion. At the hearing on the Rule to Show Cause the court entered a "Temporary Custody Order" awarding "temporary joint custody."
By subsequent pleadings, including a sworn motion to dismiss for lack of subject matter jurisdiction, the father made the court aware of the Texas proceedings and the judgment of the Texas court. The father's motion to dismiss was denied.
We grant the writ of prohibition and dismiss the cause of action for want of subject matter jurisdiction on authority of Mondy v. Mondy, 428 So.2d 235 (Fla. 1983), Prickett v. Prickett, 498 So.2d 1060 (Fla. 5th DCA 1986), and Greene v. Greene, 432 So.2d 62 (Fla. 3d DCA 1983). The mother argues that, even if Florida is not the child's home state, section 61.1308, Florida Statutes (1985), provides for jurisdiction when there are exceptional circumstances. However, the "exceptional circumstances" upon which the mother relies are the same circumstances which the Texas court recently considered and, obviously, rejected. One of the express purposes of the Uniform Child Custody Jurisdiction Act is to "[a]void relitigation of custody decisions of other states in this state insofar as feasible." Section 61.1304(6), Florida Statutes (1985). The circuit court should have refused to exercise jurisdiction over the mother's motion for custody where the Texas court had recently considered the same "exceptional circumstances," and where the child and petitioner-custodial parent were in Florida only temporarily.
The circuit court's order awarding temporary custody is quashed and the cause is dismissed.
NOTES
[1] Texas law provides for jury trials in child custody matters.