559 So.2d 713 (1990)
Debra G. KENNEDY, Appellant,
v.
Blaine KENNEDY, et al., Appellees.
No. 89-2091.
District Court of Appeal of Florida, Fifth District.
April 12, 1990.
*715 Mark R. Hall of Bolt & Spence, P.A., New Smyrna Beach, for appellant.
Blaine Kennedy, William D. Kennedy, and Mary Ann Kennedy, Appellees, Holly Hill, in pro per.
W. SHARP, Judge.
Debra Kennedy appeals from a non-final order which denied her motion to dismiss her husband's (Blaine Kennedy's) petition for award of custody of their infant son, Chad, filed in the circuit court. This proceeding was not commenced as a dissolution petition pursuant to Chapter 61, nor was it a dependency suit filed pursuant to Chapter 39. The non-final order sua sponte granted temporary custody of the child to Blaine.
Debra addresses only the refusal of the trial judge to grant her motion to dismiss for lack of jurisdiction. This is not a type of non-final order we have jurisdiction to review. O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984). However, we elect to treat this cause as a petition for writ of certiorari, and we grant issuance of the writ because we find material harm to the appellant which cannot be adequately remedied by an appeal, and because we find the trial court departed from the essential requirements of law. See In re J.S., 404 So.2d 1144 (Fla. 5th DCA 1981), dismissed, 412 So.2d 467 (Fla. 1982).
Debra and Blaine are married and are the parents of Chad, who was born on January 3, 1988. The child lived in Georgia with his mother and father from the time of his birth until February 1989, and then with his mother in Georgia until August 6, 1989, three days before the petition was filed. Apparently because of concern for the child's care, Blaine and his uncle, William Kennedy, went to Georgia and brought the child to Florida without Debra's knowledge.
Three days after removing the child to Florida, Blaine, William, and William's wife, Mary Ann,[1] filed the instant action. The petition seeks no other remedy than the award of custody to William and Mary Ann Kennedy and, in essence, attempts to show that Debra is unfit to have custody of the child. Attached to the petition is a document entitled "Consent for Custody" wherein Blaine purports to relinquish his custodial rights to William and Mary Ann Kennedy.
In entertaining appellees' petition, the lower court departed from the essential requirements of the law. Third parties such as William and Mary Ann may not initiate a custody proceeding against a child's parent unless it is brought as a Chapter 39 dependency proceeding. Schilling v. Wood, 532 So.2d 12 (Fla. 4th DCA 1988). Since Blaine sought no relief other than an order giving custody to William and Mary Ann Kennedy based on Debra's alleged unfitness, his suit should also have been brought as a Chapter 39 dependency proceeding.
Further, the court clearly did not have subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act to make a custody determination.[2] The subject matter jurisdiction of courts in this state to make custody determinations is set forth in section 61.1308, Florida Statutes:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, *716 and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected.
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
Florida does not have jurisdiction under subsection (a). Since the child resided in Georgia for the six months immediately preceding the filing of the action, Georgia is the home state of the child. Subsection (b) does not provide Florida with jurisdiction because there is no showing that the child has any connection with Florida, much less a significant connection. The mere fact that the father and some paternal relatives live in Florida is not sufficient to show that the child has a significant connection with this state. Subsection (d) does not provide jurisdiction because it is clear that a Georgia court would have jurisdiction.
Finally, the court did not have jurisdiction to entertain appellees' petition under subsection (c). The record does not support a finding that the child has been abandoned. Even if the appellees' allegations were sufficient to show that the child would be subject to abuse or neglect if returned to Georgia, the Florida court lacked jurisdiction to make a permanent custody decree. Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983); Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983); Hegler v. Hegler 383 So.2d 1134 (Fla. 5th DCA 1980). However, a Florida court does have jurisdiction under the doctrine of parens patriae to issue a temporary protective order, if an emergency is determined to exist, which will preserve the status quo for a limited time necessary for the parties to bring a proper action in Georgia. Nussbaumer. However, the trial court in this case did not enter such an order. It improperly awarded temporary custody to Blaine Kennedy, apparently pending a final custody determination.
It appears that appellant has been separated from her young child for some nine months as this is written. We find that this constitutes material harm which cannot be remedied by appeal. Such a passage of time in a young life is overwhelming. We direct that this cause be expedited by the Florida courts.
Accordingly, the order denying the motion to dismiss is quashed, and the court is directed to dismiss appellees' petition. Since the trial court lacked subject matter jurisdiction to make the temporary award of custody, it is quashed. The court is directed to issue a protective order that will preserve the status quo only for the limited time necessary (if a true emergency exists) to allow a proper suit to be filed in Georgia.
ORDER QUASHED and REMANDED.
COWART and GOSHORN, JJ., concur.
NOTES
[1] It is alleged that appellees Mary Ann and William Kennedy are Blaine's aunt and uncle and the child's great aunt and great uncle.
[2] The provisions of the UCCJA apply to both Chapter 61 and Chapter 39 proceedings. Johnson v. Denton, 542 So.2d 447 (Fla. 5th DCA 1989).