612 So.2d 602 (1992)
In the INTEREST of C.G., a minor.
No. 92-2246.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Rehearing, Clarification and Certification Denied February 22, 1993.
*603 Jane Kreusler-Walsh of Klein & Walsh, P.A., West Palm Beach, and Charles C. Powers of Powers & Koons, P.A., Palm Beach Gardens, for appellants.
James J. Walsh, West Palm Beach, for appellee-Dept. of Health and Rehabilitative Services.
Michael Lebedecker, West Palm Beach, for appellee-father.
PER CURIAM.
Sonia and Lanceford Wedderburn appeal from a final order dismissing their petition to modify the placement of a minor child in a juvenile dependency hearing. C.G. was born in 1991 to a mother who tested positive for use of cocaine and to a father who was incarcerated in prison. C.G. was adjudicated dependent on December 17, 1991 and placed in the custody of a woman who was believed to be her paternal grandmother. HRS later learned that the alleged grandmother was not a relative and that the natural mother had fled with the child. HRS moved to modify the placement of C.G. and proceedings were initiated to terminate parental rights. In June 1992 the Wedderburns, the adoptive parents of C.G.'s natural half sister, filed a petition to intervene in the suit and asked that C.G. be placed with them as foster parents. HRS moved to have the Wedderburns' petition dismissed on grounds that they lacked standing to petition for modification of placement under section 39.41(1)(a)7, Florida Statutes (1991) which provides:
(1)(a) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:
* * * * * *
7. Change the temporary legal custody ... A child who has been placed ... in some other place may be brought before the court by the agent of the department who is supervising the placement or by any other interested person, upon the filing of a petition which alleges a need for a change in the conditions of protective supervision or the placement. (emphasis added)
After hearing, the court granted HRS' motion to dismiss the Wedderburns' petition and ruled that they are not "interested parties." The Wedderburns appeal and argue that rule 8.345(a), Florida Rules of Juvenile Procedure, provides that "any interested person" may petition to modify placement:
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision of the Department of Health and Rehabilitative Services, may be brought before the court by the parent, guardian, or any interested person on a motion for modification of placement . ..
The Wedderburns argue that the legislature intended a broader meaning when it used the term "persons" as opposed to "parties" in section 39.41(1)(a)7. We agree and reverse.
The legislature has set forth its intentions regarding the placement of siblings in section 63.022(1) of the Florida Adoption Act:
(1) It is the intent of the Legislature to protect and promote the well-being of persons being adopted and their natural and adoptive parents and to provide to all children who can benefit by it a permanent family life, and, whenever possible, to maintain sibling groups. (emphasis added)
And the legislature has provided further guidance in section 39.45, Florida Statutes (1991):
When two or more children in foster care are siblings, every reasonable attempt shall be made to place them in the same foster home; in the event of permanent commitment of the siblings, to place them in the same adoptive home; and, if *604 the siblings are separated, to keep them in contact with each other.
We conclude, by interpolation, that the legislature intended to allow persons such as the Wedderburns to participate in placement proceedings. Our reading of the applicable case law supports this conclusion. See In the Interest of J.S., 404 So.2d 1144 (Fla. 1982); In the Interest of C.B., 561 So.2d 663 (Fla. 5th DCA 1990). We express no opinion as to the merits of the Wedderburns petition and intend only to rule that they be given an opportunity to be heard.
REVERSED AND REMANDED, for further consistent proceedings.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.