654 So.2d 257 (1995)
Regina GONZALEZ, Appellant,
v.
Carlos GONZALEZ, Appellee.
No. 94-1818.
District Court of Appeal of Florida, Third District.
April 26, 1995.
*258 Lyons and Farrar and Charles O. Farrar, Jr.; John M. Owens, Cologne, Germany, for appellant.
Carlos Gonzalez, in pro per.
Before LEVY, GERSTEN and GREEN, JJ.
PER CURIAM.
A wife appeals the portion of the trial court's judgment of dissolution of marriage awarding visitation rights of the couple's child to the husband. We reverse because we find that the trial court did not have subject matter jurisdiction to decide the issue of visitation rights.
The parties were married in October of 1987 and had a son in April of 1989. In October of 1991, the parties separated, and the son has lived with his mother in Berlin, Germany since his parents separated. In March of 1994, the husband filed a Petition for Dissolution of Marriage in the Eleventh Judicial Circuit of Florida. In its judgment of dissolution, the trial court, among other things, awarded permanent custody of the child to the wife, and also awarded visitation rights to the husband. The wife appeals the trial court's award of visitation rights claiming that the trial court was without subject matter jurisdiction to decide any issues pertaining to the child's custody.[1] We agree.
We initially note that, although it is not clear whether the wife effectively raised the issue of subject matter jurisdiction in the trial court, subject matter jurisdiction may be raised as a defense at any time, including on appeal. Fla.R.Civ.P. 1.140(b) & (h)(2) ("The defense of lack of jurisdiction of the subject matter may be raised at any time."); see also Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994); J.A.B. Enters. v. Gibbons, 596 So.2d 1247 (Fla. 4th DCA 1992); Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989). We therefore review whether the trial court had subject matter jurisdiction to award visitation rights to the husband.
Subject matter jurisdiction over child custody matters is governed by the Uniform Child Custody Jurisdiction Act ("UCCJA"). §§ 61.1302-61.1348, Fla. Stat. (1993). A Florida court competent to hear child custody matters must qualify for subject matter jurisdiction under section 61.1308 of the UCCJA before making a child custody determination. See § 61.1308(1), Fla. Stat. (1993). One of the salient inquiries under section 61.1308(1) of the UCCJA is whether Florida is the "home state"[2] of the child. See § 61.1308(1)(a), Fla. *259 Stat. (1993); Birnbaum v. Birnbaum, 615 So.2d 241 (Fla. 3d DCA 1993) (finding that trial court had subject matter jurisdiction over a child custody determination where Florida had been the child's home state for over six months). Florida is not, and has not been, the "home state" of the Gonzalez' child at any time. It is undisputed that, since the time of the couple's separation in October of 1991, the child has lived, and continues to live, with his mother in Germany. In fact, the husband, in an affidavit filed with the trial court, conceded that the child has been living with his mother in Germany since October of 1991. It is also undisputed that the child has never lived in the State of Florida. Jurisdiction, therefore, is not proper under section 61.1308(1)(a) of the UCCJA.
The trial court also does not have subject matter jurisdiction under section 61.1308(1)(b) of the UCCJA. Pursuant to section 61.1308(1)(b), a Florida court would have subject matter jurisdiction if it would be in the best interest of the child for the Florida court to hear the child custody matter because, "the child and his parent ... have a significant connection with this state, and [t]here is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." § 61.1308(1)(b), Fla. Stat. (1993) (emphasis added). Section 61.1308(1)(b), therefore, requires that both the parent and the child have a significant connection with Florida. Here, however, there is nothing in the record to suggest that the child has any significant connection with the State of Florida. The child's only connection with Florida is that his father now lives in this state. However, merely having a parent who lives in Florida will not support a finding that the child has a significant connection with this state. See Kennedy v. Kennedy, 559 So.2d 713, 716 (Fla. 5th DCA 1990) ("The mere fact that the father and some paternal relatives live in Florida is not sufficient to show that the child has a significant connection with this state."). Therefore, the exercise of jurisdiction is not proper under section 61.1308(1)(b) of the UCCJA. Similarly, the record does not support the exercise of jurisdiction based upon subsections (c) or (d) of section 61.1308(1). See § 61.1308(1)(c) & (1)(d), Fla. Stat. (1993).
Consequently, the trial court did not have subject matter jurisdiction under section 61.1308 of the UCCJA to make a determination regarding the husband's visitation rights. See Kennedy, 559 So.2d at 713; Bretti v. MacDonald, 501 So.2d 168 (Fla. 3d DCA 1987); Suarez Ortega v. Pujals de Suarez, 465 So.2d 607 (Fla. 3d DCA 1985). Because the trial court did not have subject matter jurisdiction over the child custody matter at the time it rendered the final judgment of dissolution, the portion of the final judgment awarding visitation rights to the husband is void and must be reversed. See Quinones, 569 So.2d at 884; see also Gay, 105 So.2d at 771; Arcadia, 135 Fla. at 322, 185 So. at 431; Skipper, 124 Fla. at 384, 169 So. at 58.
We therefore reverse the portion of the trial court's judgment of dissolution granting visitation rights to the husband and remand to the trial court with instructions to enter an amended judgment of dissolution consistent herewith.
Reversed and remanded.
NOTES
[1] The wife is not appealing the portion of the final dissolution judgment that awards her permanent custody of the child. However, our holding reflects that the trial court lacked the subject matter jurisdiction to enter a judgment with respect to any issue concerning the custody of the child. Therefore, the portion of the final judgment of dissolution giving permanent custody of the child to the wife is a nullity. See Quinones v. Quinones, 569 So.2d 884 (Fla. 3d DCA 1990); see also Gay v. McCaughan, 105 So.2d 771 (Fla. 1958); Arcadia Citrus Growers Ass'n v. Hollingsworth, 135 Fla. 322, 185 So. 431 (1938); Skipper v. Schumacher, 124 Fla. 384, 169 So. 58, cert. denied, 299 U.S. 507, 57 S.Ct. 39, 81 L.Ed. 376 (1936).
[2] The UCCJA defines "home state" as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months... ." § 61.1306(5), Fla. Stat. (1993).