PER CURIAM.
We treat as a petition for writ of certiorari the appeal by C.C. (the mother) of a nonfinal order dismissing her petition for custody of her dependent child to be given to her brother and sister-in-law. See Department of Health & Rehabilitative Servs. v. Honeycutt, 609 So.2d 596, 597 (Fla. 1992); J.V. v. Department of Health & Rehabilitative Servs., 661 So.2d 1263 (Fla. 1st DCA 1995); In Interest of J.Z., 636 So.2d 726 (Fla. 2d DCA 1993). We grant the petition in part, deny it in part, and direct the trial court on remand to hold an evidentiary hearing on the mother’s petition.
As an interested person, the mother is entitled to have the trial court hear her petition, which essentially is a motion for modification of placement. See § 39.41(2)(a)9a, Fla. Stat. (1997) [1]; Fla. R. Juv. P. 8.345(b); In Interest of C.G., 612 So.2d 602 (Fla. 4th DCA 1992); Rumph v. Interest of V.D., 667 So.2d 998 (Fla. 3d DCA 1996). We trust the trial court will be mindful of section 39.41(4)(b), Fla. Stat. (1997),[2] which provides that if no willing and able adult relative is located in the course of a diligent search and a dependent child initially is placed with others, the department and the court are required to consider transferring custody to such a relative approved by the court at a later date, “but neither the department nor the court is obligated to so place the child if it is in the child’s best interest to remain in the current placement.”
To the extent the mother seeks to have this court grant her custody petition and direct the trial court to order the child placed immediately with her relatives, the petition for certiorari relief is denied.
CERTIORARI GRANTED IN PART and DENIED IN PART.
DELL, GUNTHER and STEVENSON, JJ., concur.

. As of October 1, 1998, that provision now appears in section 39.508(9)(a)8.a, Florida Statutes (Supp.1998).

. As of October 1, 1998, that provision now appears in section 39.508(1 l)(b), Florida Statutes (Supp.1998).