424 So.2d 187 (1983)
Richard E. BURCH, Appellant,
v.
Alice Kristi BURCH, Appellee.
No. 82-1141.
District Court of Appeal of Florida, Fourth District.
January 5, 1983.
*188 James M. Tuthill of Christiansen, Jacknin & Tuthill, Palm Beach, for appellant.
Michael B. Small of Small, Oakes, Berris, Clark & Kohl, Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, husband, Richard E. Burch, seeks review of non-final orders entered by the trial court denying husband's motion to dismiss the petition brought by appellee, wife, Alice Kristi Burch, seeking to establish a New York judgment for child custody and support in Florida for purposes of modification.
The parties acquired a final divorce decree in New York on September 10, 1979, with a temporary child custody and support order for the parties' three children, which was intermittently modified over the years. The most recent New York modification, dated December 3, 1981, indicated "that the matter will come on for review in March, 1982."
In December of 1979, wife had moved to Florida with the three children. She filed a complaint on February 25, 1982, to establish the New York judgment as a Florida judgment in order to modify the custody and increase the support. Service was made upon husband by the Sheriff of Washington County, New York, on March 2, 1982. Wife filed an affidavit under the Child Custody Jurisdiction Act on March 9, 1982, asserting her physical custody of the three children at her Florida residence since December of 1979. Husband responded by special appearance on March 26, 1982, with a motion to dismiss this action for lack of jurisdiction. Husband maintains that he is a New York resident and that he has never resided, conducted business, nor owned property in Florida.
The trial court denied the motion to dismiss upon authority of Section 61.1308(1)(a)(1) and (b)(1) and (2), Florida Statutes (1981), and several cited cases.
Undoubtedly, the trial court had jurisdiction over the question of child custody (but not the question of child support, Section 61.1306(2), Florida Statutes (1981)) under the facts of this case. However, the question presented is whether the court should have exercised that jurisdiction.
Section 61.1314(1), Florida Statutes (1981), provides:
A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding *189 is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
This section of the statute is of the very essence of the Act. As the Third District Court of Appeal said in Trujillo v. Trujillo, 378 So.2d 812, 814 (Fla. 3d DCA 1980):
The salutary purpose of the Act is to avoid jurisdictional competition and conflicts; promote cooperation of the courts; assure that litigation concerning child custody ordinarily takes place in the state in which the child has the closest connection; discourage controversies and abductions; avoid relitigation of child custody decisions; and facilitate enforcement of child custody decrees. [Footnote omitted.]
Thus, a Florida court will generally hold that, where jurisdiction is being maintained in the court of another state, deference should be given to that court and the Florida court will not exercise its jurisdiction. Wheeler v. Wheeler, 383 So.2d 655 (Fla. 2d DCA 1980); Hanson v. Hanson, 379 So.2d 967 (Fla. 1st DCA 1980); Trujillo v. Trujillo, supra. Of course, if the court of the other state stays the proceeding before it because Florida is a more appropriate forum, then the Florida court can properly proceed. Furthermore, in the spirit of cooperation so that there will be no jurisdictional conflicts, the statute provides for the Florida court to communicate with the other court "to the end that the issue may be litigated in the more appropriate forum and that information be exchanged ... ." § 61.1314(3), Fla. Stat. (1981).
The last order of modification was entered by the New York court on December 3, 1981, and it provided "That the matter will come on for review in March 1982." Thus, when appellee filed her complaint in Florida to establish and modify the foreign judgment, the matter was still pending in the New York courts. Under these circumstances we hold the trial court should not have exercised jurisdiction nor denied appellant's motion to dismiss.
Accordingly, the order of May 3, 1982, denying the motion to dismiss, is reversed and the cause is remanded with directions to determine if the cause is still pending in the New York courts and, if so, to dismiss this cause.
REVERSED AND REMANDED with directions.
GLICKSTEIN and WALDEN, JJ., concur.