WENTWORTH, Judge.
Appellant seeks review of the denial of a motion to dismiss appellee’s request for modification of a child custody order. Because we find that the court should not have assumed jurisdiction pursuant to ap-pellee’s motion for modification, we grant review by certiorari[1] and quash the order appealed.
*547 Upon the dissolution of the parties’ marriage in 1976 appellant, by stipulation, retained custody of the parties’ eight year old son and four month old daughter. In 1977 custody of the son was transferred to ap-pellee by a consent order of modification. In 1983 appellee filed a motion for modification seeking custody of the parties’ daughter, alleging that he had been denied visitation and that it is in the best interests and welfare of the child that he be made the primary, residential parent. Appellant moved to dismiss appellee’s motion for modification, arguing that appellee had failed to plead necessary information regarding the child’s place of residence. Appellant also filed an affidavit asserting that for the past four years the child has resided with her in Pennsylvania.
As adopted in Florida the Uniform Child Custody Jurisdiction Act governs the jurisdictional aspects of interstate custody disputes and establishes generally that the “home state” of the child should be the jurisdiction to hear and determine custody matters. See Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980); § 61.1308(l)(a), Florida Statutes. In the present case the parties’ factual allegations indicate that for the past four years Florida has not been the child’s “home .state,” as defined by § 61.1306(5), Florida Statutes.[2] The Florida court’s exercise of jurisdiction in the present case is therefore dependent upon an allegation of exceptional circumstances as delineated in § 61.1308, Florida Statutes. While the court suggested that appellee’s motion might be read as alleging “emotional abuse,” this circumstance alone would not warrant the Florida court’s exercise of jurisdiction; rather, it must also appear that the child is either physically present in the state, see § 61.1308(l)(c), or that there is a “significant connection” with Florida and the availability of substantial evidence within the state, see § 61.1308(l)(b), or that either no other state has jurisdiction or another state has deferred jurisdiction to the Florida court. See § 61.1308(l)(d); see generally, Hegler, supra. Since none of these prerequisites were satisfied by the allegations of appellee’s motion, and were negated by appellant’s uncontroverted affidavit, the court erred in denying appellant’s motion to dismiss and assuming jurisdiction pursuant to appellee’s motion for modification.[3]
Certiorari is granted, the order under review is quashed, and the cause remanded.
SHIVERS and NIMMONS, JJ., concur.

. While review is sought by appeal the order in question is non-final and is not encompassed within the limited exceptions in Fla.R.App.P. 9.130 for which interlocutory review by appeal *547 is authorized. However, since the issue presented is one which relates to the court's jurisdiction the order is subject to immediate review by certiorari. See Sedden v. Harpster, 438 So.2d 165 (Fla. 5th DCA 1983); also see Gadsden County Times v. Horne, 382 So.2d 347 (Fla. 1st DCA 1980). Pursuant to Fla.R.App.P. 9.040(c) we therefore grant review by certiorari.

. Section 61.1306(5), Florida Statutes, defines "home state” as:
... the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months....

. In the order under review the court also noted that “there was, and is, pending, a Motion to Change Custody, upon which adjudication was deferred in 1979.” The record before us contains no other reference to such a motion, and neither the court nor the parties treated appellant’s present motion for modification as an attempted amendment of the prior motion. The asserted pendency of such prior motion, the propriety of which we do not address, thus does not impact appellant’s present motion or the order now under review.