463 So.2d 535 (1985)
Nicola S. GUERRA, Petitioner,
v.
Honorable Gene FISCHER, Circuit Judge of the Circuit Court in and for BROWARD COUNTY, Florida, Respondent.
No. 84-1156.
District Court of Appeal of Florida, Fourth District.
February 13, 1985.
*536 Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., and G. Carlton Marlowe, P.A., Fort Lauderdale, for petitioner.
Caryn S. Grainer, Fort Lauderdale, for respondent-wife Lynnette L. Guerra.
PER CURIAM.
Petitioner, Nicola S. Guerra, seeks issuance of a writ of prohibition or certiorari to overturn the action of the trial court in overruling petitioner's objection to the jurisdiction of the subject matter of this case. The matter arises out of proceedings to determine the custody of a minor child of petitioner and the child's mother, Lynnette L. Guerra.
Nicola S. Guerra and Lynnette were husband and wife living in the state of New York when they separated in 1981. After the parties separated, the wife was given temporary custody of the only child of this marriage, but the husband took the child and went to parts unknown to the mother. The wife spent the next several years trying to find her child and finally, with the assistance of the Federal Bureau of Investigation, found the husband and the child in California. Upon the wife's arrival in California, the husband sought a modification of the New York custody award in the California court. On March 12, 1984, the California court ordered the return of temporary custody of the child to the wife and scheduled another hearing for May 2, 1984. The wife was ordered to maintain contact with the court by supplying a current address and telephone number, which she did.
The wife had been residing with her parents in Florida for at least six months, and after she returned there with the child on April 9, 1984, she filed a petition for dissolution of marriage and prayed for sole custody of and support for the child. The matter was originally scheduled to be heard on April 19, 1984, but the respondent postponed the proceeding until April 30, 1984, apparently for the purpose of communicating with the California court pursuant to section 61.131, Florida Statutes (1983). On April 30, 1984, the respondent entered an order denying the husband's objection to respondent's jurisdiction and made a temporary award of custody to the wife. On May 2, 1984, The Honorable Anthony C. Joseph of the Superior Court of California dismissed the action in that state and issued an order stating: "THIS COURT FINDS IT HAS NO JURISDICTION TO MAKE FURTHER ORDERS IN THIS CASE. THE JURISDICTION IS WITH THE STATE OF FLORIDA."
Husband contends that California had exclusive jurisdiction to determine custody prior to the filing of the proceedings in Florida, relying on section 61.1314(1), Florida Statutes (1983), which provides:
A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
We find the husband's contention moot because the California court, which was apparently in communication with the Florida court as provided for in section 61.1314(2) and (3), terminated its jurisdiction and declared jurisdiction to be in the Florida courts. See Burch v. Burch, 424 So.2d 187 (Fla. 4th DCA 1983). Thus, jurisdiction in Florida would be appropriate under section *537 61.1308(1)(d), which states that a court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if "another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and ... [i]t is in the best interest of the child that a court of this state assume jurisdiction."
The husband also argues that the Florida court did not have jurisdiction to determine custody because Florida was not the child's home state in that he had not resided here for six months prior to the commencement of the proceeding below. See § 61.1308(1)(a)1, Fla. Stat. (1983). However, the requirement of Florida as the home state of the child is only one of four possible bases for jurisdiction. As already mentioned, jurisdiction under subsection (1)(d) would be appropriate because the California court found Florida to be the appropriate forum. Furthermore, under subsection (1)(b) jurisdiction is appropriate in Florida if:
It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
The wife and the child have a significant connection with this state and there is the potential for substantial evidence to be adduced before the Florida court regarding the child's care, protection and personal relationships, since the wife and the child's grandparents have resided here for at least six months prior to commencement of the proceeding and during that time the wife made every effort to locate and be with the child. See Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980).
In view of the foregoing, we hold the trial court was correct in overruling the husband's objection to jurisdiction and thus the petition for writ of prohibition or certiorari is denied.
DOWNEY, LETTS and WALDEN, JJ., concur.