468 So.2d 1090 (1985)
Mark C. FERIOLE, Appellant,
v.
Joan FERIOLE, Appellee.
No. 84-2144.
District Court of Appeal of Florida, Fourth District.
May 15, 1985.
*1091 Robert T. Gilligan, Dania, for appellant.
No appearance on behalf of appellee.
DOWNEY, Judge.
This is an appeal by the husband from a Final Judgment of Dissolution of Marriage wherein the trial court declined to determine the issue of custody on the basis of lack of jurisdiction.
The parties were married in Dublin, Ireland, on October 19, 1982, and immediately took up residence in Hollywood, Florida. The husband continuously maintained this residence throughout these proceedings. One child was born of this marriage, Michael M. Feriole, on January 25, 1984. The husband, wife, and child remained living at the aforementioned residence until April 23, 1984, at which time the wife took the child to Dublin, Ireland, without the consent or specific knowledge of the husband. The wife and child have been in continuous residence in Dublin, Ireland, since April 23, 1984.
On May 4, 1984, the husband filed a Petition for Dissolution of Marriage and requested custody of the minor child. Service of process was obtained over the wife, both by publication and personal delivery. On September 10, 1984, the trial court entered an order granting the petition for dissolution of marriage; however, the court declined to determine the issue of custody on the basis of lack of jurisdiction.
Whenever a minor child resides in the state, a circuit court has inherent jurisdiction to entertain matters pertaining to custody and enter any orders appropriate to that child's welfare. Goldstein v. Goldstein, 442 So.2d 330 (Fla. 4th DCA 1983). For many years it was the law of this state that a court had no jurisdiction to initially adjudicate the question of the custody of a minor child unless that child was physically present within the territorial jurisdiction of the court at the time the suit seeking an adjudication of his custody was filed. See Yelton v. Yelton, 295 So.2d 119 (Fla. 4th DCA 1974). However, Florida adopted the Uniform Child Custody Jurisdiction Act effective October 1, 1977, which superseded prior Florida law in this area. See Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). Section 61.1308(3), Florida Statutes (1983), specifically provides that physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980).
The general purposes of the Uniform Child Custody Jurisdiction Act as set forth in section 61.1304, Florida Statutes (1983), are to:
(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children *1092 from state to state with harmful effects on their well being.
(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child.
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.
(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.
(6) Avoid relitigation of custody decisions of other states in this state insofar as feasible.
(7) Facilitate the enforcement of custody decrees in other states.
(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.
(9) Make uniform the law with respect to the subject of this act among states enacting it.
Jurisdictional limitations are set forth in section 61.1308(1)(a), Florida Statutes (1983), which provides in pertinent part:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceedings, or
2. Had been the child's home state within 6 months before commencement of the proceedings and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
"Home state" is defined as the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months or, in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period. § 61.1306(5), Fla. Stat. (1983). Mondy v. Mondy, 428 So.2d 235 (Fla. 1983).
In the present case, the child, who was less than six months old, had lived in Florida continuously from birth on January 25, 1984, until April 23, 1984, when the wife took the child to Dublin, Ireland, without the specific knowledge or consent of the husband. Florida had been the child's home state, pursuant to section 61.1306(5), Florida Statutes (1983), within six months before commencement of the proceedings on May 4, 1984. Furthermore, the child is absent from Florida because of his removal by the wife and the husband continues to live in Florida. Based upon the foregoing, the trial court had jurisdiction to make a child custody determination in this cause pursuant to section 61.1308(1)(a)(2), Florida Statutes (1983).
Another provision of section 61.1308 relevant to this case is found in subsection (1)(b), which provides that jurisdiction is appropriate in Florida if:
It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's *1093 present or future care, protection, training, and personal relationships.
As previously stated, the husband and wife lived in Hollywood, Florida, for over a year before the child was born on January 25, 1984. The parties continued to live in Hollywood, Florida, until April 23, 1984, when the wife took the child without the knowledge or consent of the husband and established residence in Dublin, Ireland. The husband has continuously maintained his residence in Hollywood, Florida, throughout these proceedings. Based upon the foregoing, it appears that the husband and child have a significant connection with this state and there is the potential for substantial evidence to be adduced before the Florida court regarding the child's care, protection and personal relationships. See Guerra v. Fischer, 463 So.2d 535, 536 (Fla. 4th DCA 1985).
It therefore appears to us that there are two bases for the Florida Court to exercise jurisdiction over the issue of custody in this action, namely, section 61.1308(1)(a)(2) and 61.1308(1)(b)1 and 2.
Accordingly, we reverse that aspect of the judgment wherein the trial court refused to entertain jurisdiction to consider the custody of the minor child and remand the cause for further proceedings consistent with this opinion.
REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
HURLEY and DELL, JJ., concur.