PER CURIAM.
ON PETITION FOR WRIT OF PROHIBITION
On July 29, 1982, the marriage between Cynthia and James Gould was dissolved by the circuit court of Okaloosa County, and that court awarded primary custody of the Goulds’ minor daughter, April, to her maternal grandmother, Janice Cook, with the permanent physical residence of the child to be with her maternal grandparents. Subsequently, the Goulds remarried and in April of 1985, the Cooks and April moved to the State of Georgia. In October of that same year, the Goulds relocated to Alabama. In October and November of 1985, the Goulds filed two separate petitions for *73 visitation and home study, but apparently no orders were entered disposing of those petitions. On May 20, 1986, the Goulds petitioned the circuit court to grant them visitation rights and to modify the previous order by granting them custody of April. The Cooks moved to dismiss that petition for lack of jurisdiction. When their motion was denied, the Cooks sought a writ of prohibition from this court. A show cause order was issued, staying the proceedings below pursuant to Rule 9.100(f) of the Florida Rules of Appellate Procedure. The Goulds have filed a response on behalf of the nominal respondent, Circuit Judge Wells.
The basis of the petition for writ of prohibition is that the circuit court no longer has ju.’isdiction pursuant to the Uniform Child Custody Jurisdiction Act, sections 61.-1302 through .1348 of the Florida Statutes (1985) (hereinafter the UCCJA). We agree. The specific jurisdictional language is contained in section 61.1308(1), which provides that jurisdiction may be found under any one of four situations, as described in paragraphs (a) through (d). Paragraph (a) permits the court to take jurisdiction if Florida is the child’s home state or had been within 6 months before commencement of the proceeding. Here, April had been a resident of Georgia for over 13 months prior to the filing of the Goulds’ petition seeking custody. We have reviewed the earlier petitions for visitation and home study and reject the Goulds’ contention that those petitions also sought custody. We also find that paragraph (b), which provides for jurisdiction where the child and one or more of the contestants have significant connections with this state and there is evidence in this state concerning the child’s present and future care, is clearly inapplicable, because none of the principals in this litigation reside in Florida. Paragraph (c) also requires the child’s physical presence in Florida, and there is no suggestion that paragraph (d), which allows Florida to take jurisdiction where no other state can or .will, is applicable.
In their response, the Goulds offer two further arguments. First, they point to language in the final judgment of dissolution where the trial court specifically reserved jurisdiction to enter further orders concerning the custody of the minor child. We find that such language is of no effect, where the statutory requirements for jurisdiction are not met. Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983). We are also not persuaded by the Goulds’ second argument, that the Florida court may assume jurisdiction because neither Georgia nor any other competing jurisdiction has assumed jurisdiction of the question of April’s custody. In analogous cases, our appellate courts have not found that the absence of competing jurisdictions permits Florida’s circuit courts to hear petitions to modify custody orders where the requirements of the UCCJA are not met, even where the courts in question were those which originally determined'custody. Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980); see also, Perez v. Perez, 462 So.2d 546 (Fla. 1st DCA 1985); Brown v. Tan, 395 So. 1249 (Fla. 3d DCA 1981).
While the [UCCJA] has not abrogated the preference for continuing jurisdiction in the state which entered the original decree, ... the significant connection requirement of section 61.1308(l)(b) is not met by a mere showing that the state assuming jurisdiction rendered the original decree.... Rather the preference for continuing jurisdiction exists only where the state which entered the original decree continues to have jurisdiction because it has satisfied the jurisdiction prerequisites of section 61.1308.
Herrero v. Matas, 447 So.2d 335, 337 (Fla. 3d DCA) (citations omitted), review denied, 453 So.2d 44 (Fla.1984).
For the reasons set forth above, we find that the trial court lacks jurisdiction to consider the Goulds’ petition for modification which seeks custody of their minor daughter. We withhold formal issuance of the writ and remand this cause to the trial court with directions to reconsider petition *74 er’s motion to dismiss in light of this opinion.
SMITH, Acting C.J., and ERVIN and NIMMONS, JJ., cpncur.