HALL, Judge.
In this dissolution action the wife appeals the order of the trial court determining that it had jurisdiction over the parties for the purpose of allowing the husband visitation with the minor children of the parties. We affirm the judgment except as to those portions which relate to visitation rights.
The parties were married in Ohio in 1972. In 1985 the husband came to Florida looking for work. The wife and the parties’ two children remained in Ohio.
The husband filed for divorce on November 12, 1985, in Pinellas County, Florida. He made no request for the custody of his children in his petition but requested specific visitation rights at a hearing on March 3, 1986. The wife filed an answer and request for child support asserting that Florida did not have jurisdiction to make a custody determination.
On December 18, 1985, the wife filed a complaint for an initial custody decree in Ohio. The Ohio court stayed its proceedings upon discovering that an action was pending in Florida to determine which was the proper forum. On March 6, 1986, the Ohio court entered a judgment finding it had jurisdiction to determine custody and visitation.
The Florida court rendered a final judgment of dissolution of marriage on May 28, 1986, in which it ordered the husband to pay $15 per week for the support of each child of the parties and found that it had jurisdiction to order the wife to allow the husband visitation with the children by virtue of the wife’s appearance in the Florida proceeding.
On appeal the wife contends that the trial court erred in awarding visitation rights to the husband because it was without jurisdiction to make such an award. We agree.
The Uniform Child Custody Jurisdiction Act, which was adopted in Florida in 1977 and is now found in sections 61.1302-61.-1348, Florida Statutes (1985), governs the jurisdictional aspects of interstate custody disputes. The husband argues that the U.C.C.J.A. does not apply since he is not asking for custody of the children, only for visitation rights. However, the act defines a custody determination as “a court decision and court orders and instructions providing for the custody of a child, including visitation rights_” § 61.1306(2), Fla. Stat. (1985).
A Florida court would be an appropriate forum for a child custody determination if Florida is the “home state” of the child at the commencement of the proceedings, see § 61.1308(l)(a), Fla.Stat. (1985), or if the child and at least one parent have a “significant connection” with this state and there is available in Florida “substantial evidence concerning the child’s present or future care, protection, training, and personal relationships,” see § 61.1308(l)(b), Fla.Stat. (1985). Ruse v. Ruse, 478 So.2d 102 (Fla. 2d DCA 1985). A Florida court may also assume jurisdiction if it appears that no other state has jurisdiction or has declined to exercise jurisdiction on the ground that Florida would be the appropriate forum to determine custody.
The children of the parties have never lived in Florida. There is a complete absence of evidence that they have any connection with this state. Physical presence of one parent is insufficient by itself to confer jurisdiction on a Florida court except in cases of abandonment, abuse, or neglect. Greene v. Greene, 432 So.2d 62 (Fla. 3d DCA 1983); Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980). Further, the Ohio court did not decline to exercise jurisdiction; to the contrary, in its custody decree it determined that it was the appropriate forum to determine custody, but stated that “no visitation order will be made until such time as Richard R. Howard requests this Court to make an order....”
The husband argues that by appearing before the Florida court the wife submitted herself and, constructively, her children to the jurisdiction of the court. However, submission of a person to the jurisdiction of the court does not confer jurisdiction under the U.C.C.J.A. The issue is whether subject matter jurisdiction lies in the state where the matter is brought. See *1262 Slidell v. Valentine, 298 N.W.2d 599 (Iowa 1980). Clearly in this case subject matter jurisdiction as to custody rights is lacking in Florida.
Rather than seeking a custody determination in Florida, the husband should have requested such in the Ohio court and then sought enforcement of the Ohio judgment in this state. Section 61.1332, Florida Statutes (1985), provides that a certified copy of a custody decree of another state which is filed in the office of the circuit court of this state has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state.
Accordingly, we find that the trial court erred in exercising jurisdiction over the parties’ minor children and, therefore, strike those portions of the final judgment granting the husband visitation rights and retaining jurisdiction over those rights.
RYDER, A.C.J., and THREADGILL, J., concur.