528 So.2d 1231 (1988)
Robert E. BARNETT, Appellant,
v.
Lori BARNETT, Appellee.
No. 88-0134.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing Denied August 25, 1988.
*1232 Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellant.
Cynthia S. Greenhouse of Cohen, Scherer, Cohn & Silverman, P.A., North Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal of a non-final order denying the former husband's motion to dismiss for lack of jurisdiction. We affirm.
The husband's contention that the petition for modification be verified is without foundation. Sections 61.1302 through 61.1348, Florida Statutes (1985), the Uniform Child Custody Jurisdiction Act, determine jurisdiction over child custody and visitation matters. There is no requirement therein that a petition for the enforcement and/or modification of visitation rights be a sworn or verified petition. We are troubled by appellee's representation to this court that the subject petition was a sworn petition. Pursuant to this court's request, appellant furnished a certified copy of the subject petition. Our review of the petition reveals that it is an unverified pleading.
In 1985, the trial court entered a final judgment for dissolution of marriage which, among other things, dissolved the marriage of the parties, incorporated a property settlement agreement, and retained jurisdiction to enter further orders. The property settlement agreement entered into between the parties and incorporated in the final judgment contained as one of its terms that the parties would share parental responsibility of the minor child. The property settlement agreement additionally stated, in paragraph fifteen, that the agreement would be construed and enforced in accordance with the laws of Florida, regardless of any change of domicile of either or both of the parties.
A subsequent agreement modifying the property settlement agreement was entered into between the parties, and an order ratifying, approving and adopting said agreement was entered in 1986. Pursuant to that latter agreement, the former husband would be able to remove the minor child of the parties from Florida but was to keep the former wife apprised of the residence of the child. Additionally, the former wife was to have telephonic access to the child, and to have holiday and summer-time visitation with the child. On or about July 23, 1987, the former wife filed a petition in the Palm Beach County Circuit Court to enforce and to modify the custody order as it related to the former wife's rights of visitation with the minor child. The former wife resides in Palm Beach County. The petition alleged the former husband had moved to Arizona, although he had informed the former wife that he would be moving to Pennsylvania. It additionally alleged that after a period of time, the former husband engaged in a persistent pattern of creating difficulty in the former wife's exercising of her visitation with the minor child and that he did not provide the former wife with any address or phone number at which she could actually contact the minor child.
As is pointed out by the former wife, this court has dealt with factually similar cases *1233 and has concluded that jurisdiction could be properly assumed by a Florida court by virtue of section 61.1308(1)(b), Florida Statutes, because it was in the best interest of the child that a Florida court assume jurisdiction since the child and at least one parent had significant connections with Florida and because substantial evidence concerning the child's present or future care, protection, training and personal relationships was available in Florida. Those cases include O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984), Feriole v. Feriole, 468 So.2d 1090 (Fla. 4th DCA 1985), and Guerra v. Fischer, 463 So.2d 535 (Fla. 4th DCA 1985).
Factually, the instant case presents as clear a situation for finding jurisdiction to exist under section 61.1308(1)(b) as those presented by the foregoing cases. The parties herein resided and divorced in Florida. The former wife continued to reside in Florida after the dissolution. The former wife made diligent efforts to maintain contact with the child and to enforce her visitation rights. The minor child's grandparents apparently also reside in Florida and have made similar efforts to contact and to visit with the child.
DOWNEY and LETTS, JJ., concur.