569 So.2d 884 (1990)
Antoinette Paris QUINONES, Appellant,
v.
Richard QUINONES, Appellee.
No. 90-1602.
District Court of Appeal of Florida, Third District.
November 13, 1990.
*885 Max P. Engel and Kenneth P. Speiller, for appellant.
Donald G. Criscuolo, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Antoinette Quinones, the former wife, appeals an order denying a motion for relief from judgment. We reverse.
The parties obtained conflicting judgments awarding child custody. A Massachusetts judgment awards custody of the minor daughter of the marriage to the wife, with whom the child now resides, while a Florida judgment awards child custody to the husband. The wife filed a motion for relief from judgment pursuant to Rule 1.540(b)(4), Florida Rules of Civil Procedure, seeking relief from the Florida judgment insofar as it awarded child custody to the husband. The trial court denied the motion and the former wife has appealed.
It is undisputed on this record that Florida had not become the home state of the child at the time the petition for dissolution of marriage was filed. See § 61.1308, Fla. Stat. (1987). It is also clear that none of the other bases for exercise of jurisdiction under the Uniform Child Custody Jurisdiction Act were met. See id. That being so, the trial court did not acquire subject matter jurisdiction over the issue of child custody for purposes of the Act, Howard v. Howard, 509 So.2d 1260, 1261-62 (Fla. 2d DCA 1987); Perez v. Perez, 462 So.2d 546, 547 (Fla. 1st DCA 1985); see also Mondy v. Mondy, 428 So.2d 235, 239 (Fla. 1983). Without jurisdiction over the subject matter, the judgment was void. Kutner v. Kutner, 159 Fla. 870, 33 So.2d 42 (1947); see also Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758, 759-60 (Fla. 3d DCA 1986). We therefore reverse the order under review and remand with directions to grant relief from the final judgment insofar as it treats the issue of child custody.
Reversed and remanded.