615 So.2d 241 (1993)
Bradley BIRNBAUM, Appellant,
v.
Brigette BIRNBAUM, Appellee.
No. 92-2077.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Edwards & Angell and Gary Woodfield, Palm Beach, Peggy Rowe-Linn, Klein & Walsh, West Palm Beach, for appellant.
Tralins & Associates and Arlene C. Richman, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
*242 PER CURIAM.
Bradley and Brigitte Birnbaum were married in the Virgin Islands in June 1990. They have one child, born in 1990 in New York. The child lived with both his parents in New York until the parties separated. The wife left New York with the minor child in October 1991, and has lived in Florida since that date.
On April 20, 1992, the wife filed a petition in Dade County for dissolution of marriage, equitable distribution of the parties' property, and custody of the parties' child, along with a verified motion for an ex parte temporary restraining order. The husband was served with the petition in New York in May 1992. On June 16, 1992, the husband filed a notice of special appearance and motion to dismiss the petition for dissolution for lack of subject matter and personal jurisdiction, and to vacate or dissolve the temporary restraining order. The husband argued that the trial court should not hear the case because the wife took the child from New York without his consent. The husband appeals the order denying his motion to divest the trial court of jurisdiction.
Under the "divisible divorce" concept, a dissolution proceeding has two separable aspects, that which relates to the marital res and that which relates to the property rights and obligations of the parties. While constructive service is sufficient for an adjudication of the former, personal jurisdiction is generally required for a determination of the latter. Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986).
In order for the trial court to have jurisdiction to dissolve a marriage, one of the parties to the marriage must reside six months in the state before the filing of the petition. § 61.021, Fla. Stat. (1991). Additionally, the party must plead that the marriage is irretrievably broken. § 61.052, Fla. Stat. (1991). A party may initiate this proceeding against a person residing out of the state. § 61.061, Fla. Stat. (1991). Here, the wife attested to these facts. Thus, the trial court correctly determined it had subject matter jurisdiction over the dissolution proceeding.
Florida courts have jurisdiction and are competent to decide custody matters if Florida is the home state of the child at the time of the commencement of the proceeding, or Florida has been the child's home state within six months before the commencement of the proceeding. § 61.1308(1)(a), Fla. Stat. (1991). See Feriole v. Feriole, 468 So.2d 1090 (Fla. 4th DCA 1985). It is undisputed, and the wife attested to the fact that since she left New York with the minor child in October 1991, the child has resided in Florida. Thus, as a threshold matter, the jurisdictional requirements of sections 61.1302-61.1348, the Uniform Child Custody Jurisdiction Act (UCCJA), were met.
The husband argues that in light of the wife's behavior in leaving New York with the child, the trial court violated the UCCJA in determining it had subject matter jurisdiction to decide the custody issue. This is not the case. Section 61.1318, entitled, "Jurisdiction declined by reason of conduct" provides:
(1) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
That section goes on to state:
(2) Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody.
Here, the father never acted to obtain custody in a New York court. Absent any conflict with the rulings of another state, and following section 61.1308, the trial court did not abuse its discretion or authority in concluding it was vested with subject matter jurisdiction to proceed on the issue of custody. See McCabe v. McCabe, 600 So.2d 1181 *243 (Fla. 5th DCA 1992); see also Yurgel v. Yurgel, 572 So.2d 1327 (Fla. 1990).
However, on the facts alleged, the trial court could not exercise personal jurisdiction over the husband. The wife's petition avers that three years prior to the instant petition the couple had lived in Florida for three months and that the husband committed tortious conduct by abusing her during that stay. However, the couple's stay in Florida years earlier clearly did not "proximately precede the commencement of the action," see Shammay v. Shammay, 491 So.2d 284 (Fla. 3d DCA 1986); § 48.193(1), (3), Fla. Stat. (1991). Likewise, the instant allegation of tortious acts of abuse cannot provide the basis for the trial court's exercise of personal jurisdiction via section 48.193(1)(b), Florida Statutes (1991). Accordingly, we affirm the trial court's determination that it has subject matter jurisdiction to enter the dissolution of marriage, and determine custody. We reverse the order insofar as it claims personal jurisdiction over the husband.
Affirmed in part, and reversed in part, and remanded for further proceedings consistent with statements made herein.