ERVIN, Judge.
Appellant, Jennifer Taylor, appeals an order modifying the visitation rights of ap-pellee, Steven Siebert. We reverse and remand.
The record discloses that on June 25, 1992, when appellee filed his motion to expand visitation rights, which the trial court granted on July 15, 1992 by the order now on appeal, both parties and their children had lived in Virginia for more than six months. Moreover, most of the witnesses at the hearing lived in Virginia. The parties did not show that Florida was the home state of the children or of either parent, or that the children or either parent had a significant connection with Florida, one of which was essential under the facts of this case to give the trial court jurisdiction to modify appellee’s visitation rights under Section 61.1308, Florida Statutes (1991).[1] See, e.g., Cook v. Wells, 493 So.2d 72 (Fla. 1st DCA 1986).
An appellate court is under an obligation to consider jurisdictional defects in a case at any stage in the proceedings, even when not raised by the parties. Ford Motor Co. v. Averill, 355 So.2d 220 (Fla. 1st DCA 1978).
REVERSED and REMANDED with directions to the trial court to dismiss appel-lee’s motion to expand visitation rights.
SMITH and BARFIELD, JJ., concur.

. The Uniform Child Custody Jurisdiction Act, Sections 61.1302 through 61.1348, Florida Statutes (1991), applies to challenges to visitation orders. See, e.g., Baggett v. Walsh, 510 So.2d 1099 (Fla. 1st DCA 1987); Barnett v. Barnett, 528 So.2d 1231 (Fla. 4th DCA 1988); Gilbert v. Gilbert, 472 So.2d 1317 (Fla. 2d DCA 1985).