836 So.2d 1097 (2003)
Shannon R. MILES, etc., Appellant,
v.
Sean M. HYMAN, Appellee.
No. 5D02-1912.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
Linda D. Schoonover of Linda D. Schoonover, P. A., Altamonte Springs, for Appellant.
Andrew Zelman of Cotter & Zelman, P. A., Winter Park, for Appellee.
ORFINGER, J.
The former wife, Shannon R. Miles, appeals the trial court's order dismissing for lack of jurisdiction her supplemental petition for modification of a final judgment of dissolution of marriage and changing primary residential responsibility of her minor children. Because we find that Florida has jurisdiction to consider the former wife's petition, we reverse.
*1098 The marriage of the former wife and Sean M. Hyman, the former husband, was dissolved in Seminole County, Florida, in June, 1999, with the parties agreeing to joint custody of their minor children.[1] The former wife alleged that pursuant to the custody provisions of the final judgment, she had substantial contact with the children in Florida until September, 2000, when the former husband removed them from the state of Florida without notice or agreement, and provided no way for her to contact the children. The minor children then resided with the former husband in Texas until May, 2001, when the former husband relocated the children to Arkansas.
Although the parties agree that the courts of Florida had jurisdiction to make the initial custody determination pursuant to section 61.1308, Florida Statutes (2000),[2] their present disagreement stems from the parties' differing views regarding Florida's continuing jurisdiction to modify the initial custody determination. The former husband moved to dismiss the former wife's petition, contending that the Florida court lacked subject matter jurisdiction to alter the custody determination because the children lacked any significant contacts with Florida. The trial court agreed and dismissed the petition.
The jurisdiction of a Florida court to alter its own custody orders does not automatically terminate simply because the children may have resided outside Florida for more than six months, when it appears the children maintained significant contacts with Florida. Yurgel v. Yurgel, 572 So.2d 1327, 1331-32 (Fla.1990). "To the contrary, jurisdiction must be presumed to continue once it is validly acquired under section 61.1308; and it continues *1099 up until a Florida court expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the [Parental Kidnapping Prevention Act]." Id. at 1332 (emphasis in original) (citing 28 U.S.C. § 1738A (1987)). The UCCJA generally prohibits the courts of one state from modifying the custody decrees of other states unless those other states no longer have, or have declined to exercise, jurisdiction. § 61.133, Fla. Stat. (2001).[3] By doing so, the UCCJA discourages shifting children from state to state as a way of forum shopping and prevents conflicts among jurisdictions once a state has entered a custody decree. Yurgel.
A petition to modify a custody order should be addressed to the court that rendered the original decree, even if a second state has become the "home state" of a child. Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla. 1st DCA 1992). Here, although Arkansas may now be the home state of the children, the trial court erred in determining, without considering any evidence, that the children lacked significant contacts with Florida.[4] The parties concede that the former wife had regular contact with the children in Florida until September, 2000, and again visited with the children in Florida in December, 2001. These conceded facts alone demonstrate sufficient contacts for the Florida court to retain jurisdiction to consider the former wife's supplemental petition, particularly where it appears that the children were improperly removed from the state.
For the foregoing reasons, we reverse the trial court's order dismissing the former wife's supplemental petition and remand this matter for further proceedings.
REVERSED AND REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] The court amended the final judgment in March, 2000, based on a stipulation by the parties.
[2] Section 61.1308 of Florida's Uniform Child Custody Jurisdiction Act (UCCJA), provides:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his or her removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his or her parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he or she has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or (d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction. (2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.
§ 61.1308, Fla. Stat. (2000).
[3] Effective October 1, 2002, the UCCJA was amended as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered, sections 61.501-.542, Florida Statutes (2002). Because the former wife's petition for modification was filed prior to October 1, 2002, the UCCJA, rather than the UCCJEA, applies. See § 61.542, Fla. Stat. (2002).
[4] Arkansas adopted the Uniform Child Custody Jurisdiction Act in 1979. Ark.Code Ann. §§ 9-13-201 to 9-13-227 (1979). Arkansas repealed the UCCJA when its general assembly enacted the UCCJEA in 1999. See 1999 Ark. Acts 668, § 405; see also Ark.Code Ann. §§ 9-19-101 to 9-19-401 (2002).