WELLS, Judge.
Rangwal Eloy Spindler appeals from a Final Judgment of Dissolution of Marriage claiming lack of personal jurisdiction. Resco Miami Corporation and Massima American Corporation, both found by the trial court to be owned by the husband, appeal from an order denying their 1.540 motion to vacate portions of the Final Judgment of Dissolution of Marriage on the grounds that they received no notice of the final hearing at which they were distributed. See Fla. R. Civ. P. 1.540. For the following reasons, we affirm in part and reverse in part.
Rangwal Eloy Spindler and Maria Al-yuska Mayol were married in 1993 in Havana Cuba. The couple’s only child, a son, was born in Miami-Dade County in 1995, and lived in Miami-Dade County with both parents until late September 1997 when the husband absconded with the child to Brazil.
In early October 1997, the wife filed for and was awarded an ex-parte temporary injunction for domestic violence which gave her exclusive use of the couple’s Miami-Dade residence and temporary custody of the minor child. The wife also filed a Petition for Dissolution of Marriage in which she sought return of the child, custody, child support, alimony, and distribution of the parties’ assets, including several businesses allegedly owned by the husband. The wife also sought partition of the parties’ assets and an order freezing the husband’s assets until they could be distributed by the court.
The wife simultaneously filed an Emergency Petition for Return of Child and an affidavit under the Uniform Child Custody Jurisdiction Act (UCCJA), stating that the husband had left the country with their son. A copy of the petition for dissolution and the emergency petition for return of the child were mailed to the husband’s apartment in Rio de Janeiro, Brazil.
A little over a week after these petitions were filed, the divorce court entered an ex-parte emergency order awarding temporary custody of the minor child to the wife and ordering the husband to return the child to Miami, Florida. The court also froze the husband’s assets including any interests in two corporations, Resco Miami Corporation and Massima American Corporation, which the court believed to be owned solely by him.
Resco and Massima immediately sought, and were granted, the right to intervene in the dissolution action. They also moved to dissolve the ex-parte order freezing their assets and to discharge the Notice of Lis Pendens recorded against Resco because, according to the corporations, they were owned solely by Roberto Edemer Spindler, the husband’s brother.
Following a hearing at which counsel for the corporations appeared, and at which documents were introduced to demonstrate that the husband was the owner of these corporations, the trial court concluded that the husband, and not his brother, was the “principal” of these entities. The corporations’ motion to dissolve the injunction freezing their assets and to discharge the Lis Pendens was denied. The court ordered the wife to post a $50,000 injunction bond and ordered the corporations to appoint new registered agents since the husband, who had left the country, was *1104 listed as the agent for both. The corporations’ appeal from this order was dismissed. See Massima America Corp. v. Mayol, 711 So.2d 552 (Fla. 3d DCA 1998).
Because the wife had no funds with which to post a bond, the temporary injunction freezing the corporations’ assets was dissolved. However, the Lis Pendens remained pending.
After several years of attempting to serve the husband in Brazil, the wife finally secured a default against him in February 2000. The husband thereafter filed a “limited appearance” to quash service of process and to dismiss the default claiming, in pertinent part, that the wife had chosen to serve him under the Hague Convention via the Inter-American Convention on Letters Rogatory and Additional Protocol but had failed to file a “Form C” certifying service as mandated by the Protocol. The husband subsequently filed an expanded motion contesting service, accompanied by an affidavit in which he stated that he had “not been formally served with any kind of ‘service of process’ origi-nat[ing] anywhere in the United States.” The trial court struck the affidavit and, relying primarily on documents written in Portugese, denied the motion to quash and to dismiss the default.
Following a hearing, from which counsel for the husband intentionally absented himself, a final judgment dissolving the marriage was entered. That judgment, in pertinent part, ordered shared parental responsibility with the wife as the primary residential custodian, return of the child to this country, child support, and payment of the child’s medical expenses. It also distributed the parties’ assets, including the stock in Resco which the court found to be a marital asset, and authorized the wife to sell real property belonging to Resco and to record a Lis Pendens against that property. The judgment also awarded an automobile to the wife and ordered the husband to pay her attorneys’ fees and costs.
Resco and Massima thereafter moved for relief from this final judgment claiming that they had no notice of the final hearing which resulted in a judgment that affected their interests. The motion was denied, and they, as well as the husband, appealed.
We agree with the husband that the record fails to substantiate that process was served in compliance with either Florida law or the provisions of the Hague Convention. While the wife maintained that she had secured the necessary documents from Brazil to establish that she had effectuated service in compliance with the provisions of the Hague Convention, the documents filed below were either not in English or so poorly translated as to make it impossible to substantiate this claim. There was, therefore, nothing in the court file to refute the husband’s affidavit to the effect that he did not get proper notice.
That failure does not, however, preclude our affirmance of several portions of the final judgment. First, we affirm that part of the judgment dissolving the marriage. Where a court has personal jurisdiction over one spouse it may dissolve the marital relationship without addressing the property rights and obligations of the parties, provided that the requirements for subject matter jurisdiction are met. See §§ 61.021, 61.052, Fla. Stat. (2002); Davis v. Dieujuste, 496 So.2d 806, 808 (Fla.1986)(observing that under the “divisible divorce” concept, a dissolution proceeding has two separable aspects, that which relates to the marital res and that which relates to the property rights and obligations of the parties); Orbe v. Orbe, 651 So.2d 1295, 1297 (Fla. 5th DCA 1995) (confirming that a Florida court may dissolve a marriage when it has personal jurisdiction *1105 over only one spouse and where the six month residency requirement is met); see also § 61.061, Fla. Stat. (2002)(confirming that a dissolution proceeding may be initiated against a person residing outside the state).
Second, we affirm the custody determination. Here, the husband conceded that the trial court had jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) to decide the child custody issue,[1] and he did not dispute the court’s personal jurisdiction for purposes of the UCCJA. Florida courts have jurisdiction and are competent to decide custody matters where Florida is the home state of the child at the time of the commencement of the proceeding or where Florida has been the child’s home state within six months before commencement of the proceeding. See § 61.514, Fla. Stat. (2002); Feriole v. Feriole, 468 So.2d 1090, 1091 (Fla. 4th DCA 1985). Likewise the Hague Convention specifically protects custody determinations in the international context. As stated in Quinn v. Settel, 682 So.2d 617, 619 (Fla. 3d DCA 1996), citing Journe v. Joume, 911 F.Supp. 43, 46 (D.Puerto Rico 1995): “The purpose of the Convention is ‘to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedure to ensure their prompt return to the State of their habitual residence.’” This affirmance does not, however, extend to the support determinations. See § 61.503(3), Fla. Stat. (2002); Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985).
In sum, the final judgment of dissolution of the marriage is affirmed, as is the custody determination. The balance of the final judgment under review is reversed with the Lis Pendens earlier authorized below to remain in effect pending final disposition. The corporations’ appeal from the order denying 1.540 relief is rendered moot by this opinion.[2]

. Effective October 1, 2002, the UCCJA was amended as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered sections 61.501-542, Florida Statutes (2002). Because the former wife's petition was filed prior to October 1, 2002, the UCCJA, rather than the UCCJEA, applies. See § 61.542, Fla. Stat. (2002); Miles v. Hyman, 836 So.2d 1097, 1098-99 n. 3 (Fla. 5th DCA 2003).

. Resolution of the main appeal makes unnecessary consideration of the corporations’ appeal since a new trial, for which the corporations should be noticed, will be necessary on all property and support issues upon proof of service.