466 So.2d 1261 (1985)
Herman A. OVERCASH, Appellant,
v.
Bettye S. OVERCASH, Appellee.
No. 84-2491.
District Court of Appeal of Florida, Second District.
April 12, 1985.
James E. Deakyne, Jr., St. Petersburg, for appellant.
William D. Slicker, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Herman A. Overcash challenges a nonfinal order denying his motion to quash service of process and to dismiss for lack of jurisdiction over his person. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(i).
Herman and Bettye Overcash were divorced in Ohio in 1978. The final judgment of divorce provided for alimony and support payments, property distribution, and awarded custody of their minor child to the wife. The minor child and the wife subsequently moved to Florida in 1979, where they continue to reside. The husband is now a resident of Youngstown, New York.
In June 1984 the wife filed a two-count complaint in the Pinellas County Circuit Court against the husband. Count I stated that it was an action to establish a foreign decree as a Florida judgment. In that count the wife alleged that the husband had failed to pay alimony as required by the Ohio court and demanded judgment for the unpaid alimony plus interest. In Count II the wife sought a modification of the Ohio judgment to increase the amount of child support payments. A summons and a copy of the complaint were personally served on the husband at his residence in New York.
The husband filed a motion to quash service of process and to dismiss for lack of jurisdiction over his person. He supported his motion with an affidavit stating that he was currently a resident of Youngstown, New York, and that he had never, at any time in his entire life, resided in the State *1262 of Florida. The trial court granted the motion to dismiss as to Count I with leave to amend and granted the motion as to Count II but without leave to amend.
The wife then filed a one-count amended complaint that sought to establish the Ohio divorce decree as a Florida judgment and to obtain a judgment for attorney's fees and costs against the husband. The complaint stated that the trial court had jurisdiction pursuant to Chapter 61 of the Florida Statutes. This time the wife attempted service of process on the husband solely by mailing a copy of the amended complaint to the husband's attorney of record in the trial court.
The husband again moved to quash service of process and dismiss for lack of jurisdiction over him. The husband claimed that the amended complaint failed to allege a basis for establishing long-arm jurisdiction pursuant to Chapter 48 of the Florida Statutes. The court denied the husband's motion and this appeal ensued.
In defense of the order being appealed, the wife suggests that the trial court has jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), sections 61.1302-61.1348, Florida Statutes (1983). The UCCJA provides that the courts of this state "shall recognize and enforce an initial or modification decree of a court of another state" (emphasis added). § 61.1328, Fla. Stat. (1983). A court that has jurisdiction under the UCCJA can "make a child custody determination by initial or modification decree." § 61.1308(1), Fla. Stat. (1983). "Custody determination" is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person." § 61.1306(2), Fla. Stat. (1983).
We hold that the trial court did not have jurisdiction over the husband under the UCCJA. The Florida suit filed by the wife is not an action for a child custody determination. The wife already has custody of the minor child and has not made any request for enforcement of the custody provisions of the Ohio decree. Nor can the wife pursue any kind of decision under the UCCJA relating to child support. § 61.1306(2). The trial court recognized this when it dismissed Count II of the original complaint with prejudice.
Since the wife's amended complaint does not properly plead an action for enforcement under the UCCJA, personal jurisdiction over the husband would have to be obtained apart from that statute. See Schroeder v. Schroeder, 430 So.2d 604 (Fla. 4th DCA 1983); Yoder v. Yoder, 363 So.2d 409 (Fla. 1st DCA 1978). However, it does not appear to us that personal jurisdiction could be obtained in this case as the husband has not been shown to come under the long-arm statute. See § 48.193, Fla. Stat. (1983). Thus, to the extent that the wife was seeking enforcement of some part of the foreign decree, the court erred in denying the husband's motion to dismiss.
Reversed and remanded without prejudice to the wife seeking enforcement of the Ohio judgment upon obtaining requisite service on the husband.
OTT and CAMPBELL, JJ., concur.