495 So.2d 879 (1986)
David Allen FOX, Appellant,
v.
Lynne R. WEBB F/K/a Lynne R. Fox, Appellee.
No. 86-720.
District Court of Appeal of Florida, Fifth District.
October 9, 1986.
Bradly Roger Bettin, of Holcomb, Ennis, Theriac, Amari & Roberts, Cocoa, for appellant.
No appearance for appellee.
SHARP, Judge.
Fox appeals from a non-final order denying his motion to dismiss his former wife's petition to increase his child support obligations provided by a Texas decree. Webb, the appellee, sought to have a Florida court establish the Texas judgment as a Florida decree, and modify and enforce it. § 61.1332(1), Fla. Stat. (1985). We reverse because the lower court lacked personal jurisdiction over Fox. Fla.R.App.P. 9.130(a)(3)(C)(i).
The parties formerly lived in Texas and had three minor children. They were divorced in Texas in 1982, whereupon Webb and the three children moved to Brevard County, Florida. This proceeding was commenced in 1985, six months after Webb and the children had become Florida residents.
Webb's original petition sought to amend the Texas decree's visitation privileges for Fox with the children by drastically limiting them, and to require him to undergo a psychological evaluation. It was served on Fox in Texas pursuant to the "long-arm" service provisions of Florida's UCCJA. § 61.1312, Fla. Stat. (1985). Fox then filed a counter-petition seeking to require Webb to allow him to communicate with his children by telephone, and to restrain her from estranging him from his children.
*880 Thereafter, Webb refiled her petition for modification, seeking an increase in child support payments. Again, Fox was served only by Florida's long-arm procedure in Texas. Fox responded with a motion to dismiss, and established by an unchallenged affidavit: that he has always been a Texas resident, that he was served only by Florida's long-arm procedure in Texas, that he has not been present in Florida and owns no property here, and that the decree sought to be modified in this case is a Texas judgment. The trial court denied Fox's motion on the ground that Fox filed a counter-petition in this proceeding.
A Florida court has subject-matter jurisdiction under the UCCJA to modify an out-of-state child custody decree if the requirements of sections 61.1314 and 61.1308 are met. Appellant does not challenge jurisdiction of the Florida court to act in this regard. But, simply on the basis of UCCJA jurisdiction, a Florida court does not necessarily have jurisdiction to alter or enforce money judgments or obligations in such a judgment, unless jurisdiction is obtained over the obligor through some other basis or ground other than the UCCJA. Section 61.1306 defines "custody determination" as:
(2) "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person. (Emphasis added).
The long-arm service provision of the UCCJA, section 61.1312, permits a Florida court to enter a decree concerning custody which binds a non-resident parent, provided it has subject-matter jurisdiction as spelled out in the UCCJA. But that kind of service does not give the court personal jurisdiction over the non-resident to alter support payments created by another state's decree. Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985); Burch v. Burch, 424 So.2d 187 (Fla. 4th DCA 1983); Slidell v. Valentine, 298 N.W.2d 599 (Iowa 1980). Any attempted modification in the monetary obligations of the non-resident in such a case would be void and not entitled to full faith and credit.[1]
Nor do we think that section 48.193, Florida Statutes (1985) alters the outcome in this case. That section provides:
(4) If a defendant in his pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant. (Emphasis added).
In this case, Fox's counter-petition related solely to the issues of custody and visitation, which were the thrust of the appellee's original petition. He did not seek affirmative relief on any matter unrelated to the child visitation and custody issues. Therefore, Fox did not subject himself to the jurisdiction of the Florida court for any cause of action not encompassed within the UCCJA.
REVERSED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957); Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, 92 L.Ed. 1572 (1948); Wright v. Wright, 411 So.2d 1334 (Fla. 4th DCA 1982).