510 So.2d 1099 (1987)
Ronald Ralph BAGGETT, Appellant,
v.
Lee Ann Evenson Baggett WALSH, Appellee.
No. BS-218.
District Court of Appeal of Florida, First District.
August 4, 1987.
*1100 Kathleen F. Dekker, Tallahassee, for appellant.
David A. Barrett and Patricia B. Fournier, of Barrett & Bajoczky, Tallahassee, for appellee.
ZEHMER, Judge.
Ronald Baggett, a resident of Georgia (hereinafter referred to as the father or appellant), appeals the nonfinal order of the circuit court of Gadsden County denying his motion to dismiss his former wife's (hereinafter referred to as the mother or appellee) petition for modification of a Georgia judgment of dissolution of marriage which had been filed with the Florida court. The motion alleged that the court lacked in personam jurisdiction over appellant because no valid personal service of process had been made on him in Georgia. We conclude that the trial court erred in ruling that appellant waived this jurisdictional defense by filing his motion to enforce visitation rights under the judgment.
At the time the parties' marriage was dissolved by the Georgia court in July 1982, the parties' son was six years old. The final judgment incorporated the parties' separation agreement, which provided "that Wife shall have full custody and control of said minor child and Father shall have reasonable visitation." The agreement also provided that the father would pay fifty dollars per week for support and maintenance of the child and, further, that when he "is able to pay more he will increase said payment." After the divorce, the mother moved from Georgia to Gadsden County, Florida, and continued to have primary custody of the child. The son routinely visited the father at his home in Georgia, only a few miles away, and was often transported by the father's mother or his new wife on such visitations.
In September 1986 the mother filed a petition in the circuit court of Gadsden County by which she sought to register and modify the Georgia judgment. Personal service was not effected on the father in Georgia, and his motion to dismiss for lack of personal jurisdiction was granted in October 1986. In November the mother filed an amended petition to register the judgment[1] and to modify it "pursuant to Chapter 61, Florida Statutes." The petition specifically asked for (1) an increase in the amount of child support; (2) a structured visitation schedule because, she alleged, the parties had become unable to agree as to what constituted "reasonable visitation"; and (3) payment by the father of a portion of the son's medical and dental expenses and private school tuition, plus maintenance of a medical insurance policy covering the child. On December 4, 1986, the father filed an answer and affirmative defenses to this petition, and again moved to dismiss the petition for modification on grounds that the court lacked personal jurisdiction over him.
On January 20, 1987, before the pending motion to dismiss was heard, the father filed, in this proceeding, a motion to enforce his rights of visitation under the terms of the judgment. The motion recited the parties' history of visitation with the father's mother or wife picking up the son at appellee's home and transporting him to Georgia, and charged that after the mother's amended petition was filed she refused to deliver the child to appellant's wife and began to insist that the father personally pick him up for visitation. The motion alleged the father's concern that his former wife was trying to lure him to Florida in order to effect personal service, and requested the court to enforce the visitation provisions of the original judgment. The father's motion also alleged that "the issue of visitation can be settled apart from any other issues resolved or unresolved concerning child support as it is the public policy of this state to enforce visitation apart from child support matters." The motion specifically alleged that the father "does not wish to modify the custody decree *1101 and invokes the jurisdiction of this Court solely to enforce the decree necessitated by Ex-wife's acts arising out of the current litigation between them concerning child support and for no other purpose" (A. 33-34).
At the hearing on the father's motions to dismiss and to enforce visitation, held January 22, 1987, the father testified that he had not been a Florida resident since 1981, when he and appellee moved to Georgia, and that he had not resided in Florida since the entry of the final judgment of dissolution by the Georgia court. He explained that during the preceding two and one-half years his wife had picked up his son for visitation over half the time and that since October 1986 either his wife or his mother had transported the boy without objection by appellee. The father's wife then testified that on January 16, 1987, when she went to fetch the son for regular visitation, appellee refused to turn the boy over to her, stating that the father would have to personally come to her house to get his son. At the conclusion of the hearing, the trial judge stated:
[B]ut I am concerned  I think there may be a waiver. And I understand your argument that, you know, the child should not be used as some sort of a  as a hammer to get people to come into this state. But I can tell you right now, that this Court is not going to permit someone to come in and have an enforcement or  I'm not sure it's an enforcement action.
You're calling it an enforcement action. If there is nothing in the decree that indicates who is going to pick up the child, I'm not sure that is not a modification that you're asking for, technically....
So I think for the best interest of the child, I think the Court is going to rule that the filing of the motion to enforce the custody decree is really and truly a request for modification, even though you're talking about enforcement, let him have the child. The decree, as I read it, doesn't say anything about who is supposed to pick up the child or what have you, or doesn't require her to take the child to Georgia.
So what I'm going to do is I'm going to deny the motion to dismiss. Make a finding that the filing of the motion to enforce the custody decree is in actuality a motion to modify that custody decree.
(R. 101-102).
The court entered a confirming order February 11, 1987, which denied the motion to dismiss and ruled that the court had personal jurisdiction over the father for all purposes. The order stated that the court lacked personal jurisdiction over appellant until he filed his motion to enforce visitation on January 20, 1987, and continued:
This filing, which seeks affirmative relief flowing from the judicial powers of this Court, subjects the Father to the jurisdiction of this Court in connection with the Mother's pending action [F.S. 48.193(4).]
Counsel for the Father relies again on Overcash[2] and Frazier,[3] but these cases are distinguishable at this juncture by his filing for affirmative relief. The Father cannot logically or legally maintain a posture of denying the Court's jurisdiction to consider the Mother's requested relief while contemporaneously seeking the benefit of that same jurisdiction for his requested relief.
(A. 43). Additionally, the court temporarily ordered that the father, his mother, or his wife would be authorized to transport the minor child to and from Georgia for visitation purposes under the original judgment, but declined to render a final ruling on the father's motion to enforce visitation because the court had not heard sufficient evidence.
On this appeal the father does not contest the trial court's jurisdiction to determine rights of custody and visitation under the Uniform Child Custody Jurisdiction *1102 Act[4] (hereafter UCCJA), and agrees that the court had jurisdiction to adjudicate the mother's petition for modification in respect to visitation and thereby bind the nonresident parent. Rather, the father appeals the order only insofar as it denies the motion to dismiss the mother's petition for modification of support, which is governed by the Revised Uniform Reciprocal Enforcement of Support Act[5] (hereafter URESA). Continuing, appellant contends that the court did not acquire in personam jurisdiction to adjudicate the support issues by reason of his appearance for the purpose of responding to the visitation issue and filing the motion to enforce visitation. We agree with appellant's contentions for the following reasons.
Although the mother's petition for modification includes both visitation and support issues in the same complaint under an allegation that modification is sought under chapter 61, Florida Statutes, the court's jurisdiction in respect to visitation rights of nonresidents is conceptually different from its power to adjudicate and enforce support issues against nonresident parents. Unquestionably, the court below had subject-matter jurisdiction to determine the mother's petition for modification of visitation rights under chapter 61, because Florida is now the child's home state, § 61.1308, Fla. Stat. (1985), and section 61.1312 permits the court, based on its jurisdiction over the child, to enter a custody decree which becomes binding on a nonresident parent without obtaining personal jurisdiction of that person. E.g. Fox v. Webb, 495 So.2d 879 (Fla. 5th DCA 1986). The definition of "custody" in section 61.1306 specifically includes "visitation" but excludes "a decision relating to child support or any other monetary obligation of any person." Thus, unless a nonresident voluntarily appears and waives all jurisdictional objections, or facts establishing minimum contacts sufficient to support an independent basis for long-arm jurisdiction over the nonresident are shown to exist, jurisdiction obtained under UCCJA does not provide in personam jurisdiction over the nonresident parent in respect to matters of support. Id.; see also Koon v. Boulder County, 494 So.2d 1126 (Fla. 1986); Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985) (wife could not pursue under UCCJA her claim relating to child support); Frazier v. Frazier, 442 So.2d 1116 (Fla. 4th DCA 1983) (wife's suit filed in Florida to enforce a foreign money judgment did not subject her to the jurisdiction of the Florida courts for the purpose of litigating issues of future alimony and support). Since nothing in chapter 61 authorizes the court to issue child support orders which are binding on nonresident parents not personally served, modification of child support provisions against nonresident parents must be accomplished in accordance with URESA, as provided in chapter 88. It is equally clear, however, that URESA does not recognize in personam jurisdiction over nonresident parents in respect to modification of support unless the court obtains personal service within its jurisdiction or there exists sufficient minimum contacts to support another independent basis for long-arm jurisdiction. See Koon v. Boulder County, 494 So.2d 1126; Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983). In actions under URESA, the court may address only matters of support and is not authorized to consider issues pertaining to visitation. State ex rel. Ridge v. Ridge, 483 So.2d 766 (Fla. 5th DCA 1986). Indeed, section 48.193 cannot be used to extend personal jurisdiction over a person appearing under URESA. Scales v. Scales, 469 So.2d 855 (Fla. 4th DCA 1985), pet. for rev. denied, 482 So.2d 349 (Fla. 1986).
Appellee's petition did not refer to URESA and relied exclusively on chapter 61 as authority to obtain jurisdiction over the nonresident father. At the hearing on the motion to dismiss for lack of jurisdiction, appellee made no showing of any basis for the court to exercise in personam jurisdiction over the father under any other long-arm jurisdiction statute. She relied entirely on section 48.193(4), Florida Statutes *1103 (1985) and appellant's filing of his motion for enforcement of visitation as constituting a voluntary submission to personal jurisdiction. Therefore, unless section 48.193 has been properly applied in this case, the court's jurisdiction to adjudicate the issues raised in appellee's amended petition for modification must be limited to matters of visitation cognizable under UCCJA. For the following reasons, we conclude that section 48.193 was not properly applied and that the father has not waived his jurisdictional defense.
First, appellee's argument that the father should be deemed to have waived any jurisdictional defects when he filed his answer and affirmative defenses, which also contained his motion to dismiss for lack of jurisdiction, is without merit. Florida Rule of Civil Procedure 1.140(b) specifically states that every defense shall be asserted in a responsive pleading, and lack of jurisdiction over a person may, at the option of the pleader, be made by motion; but no defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987). Appellant was entitled, in reliance upon this provision of the rule, to file the cited responsive pleadings without suffering waiver of his objections to personal jurisdiction.
Second, the trial court erred in characterizing appellant's motion to enforce visitation as a request for modification of the judgment. The express allegations of the motion denied any attempt to modify the judgment. It is readily apparent that the father's motion sought only to continue enforcement of the parties' past practices in respect to the son's visitation. Obviously, the trial court could consider the parties's prior conduct as evidence of their construction and implementation of the visitation clause and rule on that motion without having to modify the language and terms of the final judgment. In fact, the court did so when it temporarily authorized the father, his wife, and his mother to continue transporting the son from Florida for visitation in accordance with the parties' practice in the past.
Third, the trial court erred in relying on section 48.193(4), Florida Statutes (1985), as authority for acquiring jurisdiction over the father. That section provides:
[I]f a defendant in his pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant.
This section is inapplicable because the father's demand for relief was based on a claim clearly related to the transaction forming the basis of appellee's claim. The mother sought modification of the visitation provisions in the judgment pursuant to UCCJA, and the father's motion merely sought to enforce that visitation provision. His motion did not, therefore, constitute an attempt to obtain affirmative relief unrelated to the plaintiff mother's claim. In no sense did his motion constitute a voluntary waiver of his jurisdictional objection and serve to give the court personal jurisdiction to adjudicate the claims for support. Cf. Fox v. Webb, 495 So.2d 879 (Fla. 5th DCA 1986). The father was entitled to appear under the compulsory provisions of the UCCJA and file his motion to enforce visitation without fear of waiving his objection to in personam jurisdiction in respect to the support issues.
The appealed order is reversed in part and the cause is remanded with directions to dismiss appellee's petition for modification of support obligations due to lack of personal jurisdiction over appellant.
REVERSED and REMANDED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] This procedure is authorized by sections 88.331-88.371, Florida Statutes (1985), and the validity of the registration has not been challenged by appellant.
[2] Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985).
[3] Frazier v. Frazier, 442 So.2d 1116 (Fla. 4th DCA 1983).
[4] §§ 61.1302  61.1348, Fla. Stat. (1985).
[5] Ch. 88, Fla. Stat. (1985).