## WALZ v VON SCHWEIGER, et al.
### Case No. 90-31623 CA 10
Eleventh Judicial Circuit, Dade County
August 31, 1990

**OPINION OF THE COURT**

MARGARITA ESQUIROZ, Circuit Judge.

*ORDER GRANTING DEFENDANT VON SCHWEIGER'S
MOTION FOR DISSOLUTION OF TEMPORARY INJUNCTION
AND MOTION TO DISMISS AND GRANTING AND DENYING
OTHER RELIEF REQUESTED BY PLAINTIFF*

THIS CAUSE came on to be heard before me on August 2, 1990 on defendant VON SCHWEIGER's motion for dissolution of temporary injunction, defendant VON SCHWEIGER's motion to dismiss for lack of jurisdiction, plaintiff's motion for pre-judgment writ of garnishment, and plaintiff's alternative motion for stay pending review, initially made ore tenus but since renewed in writing in plaintiff's memorandum of law in opposition to motion to dissolve injunction. After fully reviewing the pleadings, affidavits and memoranda of law filed by the parties

and after having heard argument of counsel on the issues raised by the various motions, it is thereupon

ORDERED and ADJUDGED as follows:

1. The defendant VON SCHWEIGER's motion for dissolution of temporary injunction is hereby granted, the temporary injunction issued by the Honorable Celeste Muir, sitting as alternate for the undersigned, is hereby dissolved, and the Order Granting Temporary Injunction entered on July 2, 1990, is hereby set aside and vacated.

2. The defendant VON SCHWEIGER's motion to dismiss is hereby granted, and this cause is dismissed for lack of quasi in rem jurisdiction.

3. The plaintiff's motion for pre-judgment writ of garnishment is hereby denied.

4. The plaintiff's alternative motion for a stay pending review of this Order is granted, pursuant to Fla.R.App.P. 9,310 and 9.130(3). As a condition of such stay, the plaintiff shall be required to post bond in the amount of $30,000.00, all in accordance with the provisions of Fla.R.App.P. 9.310(c)(1) and (2).[1]

It is this court's determination that it cannot constitutionally exercise quasi in rem jurisdiction over the defendant based solely on the presence within the state of a bank account opened and maintained in defendant's name at the local branch of a foreign bank, in the absence of any allegation—and for that matter, of any showing from the record —of any other forum contacts between the defendant and the State of Florida. *Rush v Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 61 L.Ed. 2d 516 (1980); *Shaffer v Heitner,* 433 U.S. 186, 97 S.Ct. 1569, 53 L.Ed 2d 683 (1977).

According to the allegations in the complaint, neither the plaintiff nor the defendant Von Schweiger are residents of Florida. The plaintiff alleges that defendant Von Schweiger is a resident of Brazil and that the activities giving rise to the cause of action for civil theft (subsequently amended to include counts in breach of contract and conver-

---

[1] Clearly, by filing a Motion for Dissolution of Temporary Injunction with affidavits and exhibits, a Motion to Dismiss pursuant to Fla.R.Civ.P. 1.140, a Notice of Appearance, and a Reply to Plaintiff's Memorandum of Law, the defendant in this case did not waive his right to claim lack of jurisdiction in rem or over his person, nor did he thereby voluntarily submit himself to jurisdiction. *Public Gas Company v Weatherhead Company,* 409 So.2d 1026, 1027 (Fla. 1982); *Moo Young v Air Canada,* 445 So.2d 1102, 1104 (Fla. 4th DCA 1984); *Cf. Bagget v Walsh,* 510 So.2d 1099 (Fla. 1st DCA 1987). To the contrary, the defendant is asserting that very claim by filing those pleadings.

sion) took place in foreign countries, such as Paraguay, Brazil and Switzerland. The complaint's sole allegation concerning Florida is the subsequent deposit of the allegedly misappropriated funds in a bank account in defendant's name in Miami.

The plaintiff herein argues that the rule announced in *Shaffer* is inapplicable to this case because in *Shaffer* the property sequestered within the state was totally unrelated to the cause of action, whereas in this case the local bank account which plaintiff seeks to garnish contains the very funds which he claims the defendant misappropriated and over which his dispute with the defendant arises. Even if the pleadings and affidavits in the record do sufficiently trace the funds at issue from the alleged point of conversion elsewhere to their subsequent deposit at a local bank, neither *Shaffer* nor its progeny carve such an exception to the general rule.

In support of his contention, the plaintiff quotes language from *Shaffer* to the effect that ". . . when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant [footnote 24], it would be unusual for the State where the property is located not to have jurisdiction." *Shaffer v Heitner,* 97 S.Ct. at 2581. The difficulty with this logic is that the Court in *Shaffer* enlightened us with an explanatory footnote (number 24 above noted) which immediately follow the quoted language and which clearly qualifies it as follows: "This category includes true *in rem* actions and the first type of *quasi in rem* proceedings. See n. 17, *supra."* Turning then to the referenced footnote 17 to ascertain the meaning attributed to "the first type of *quasi in rem* proceedings," the following definition appears:

'A judgment *in rem* affects the interests of all persons in designated property. A judgment *quasi in rem* affects the interests of particular persons in designated property. *The latter is of two types. In one the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons.* In the other the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him. Restatement, Judgments, 5-9' *Hanson v Denckla,* 357 U.S. 235, 246 N.12, 78 S.Ct. 1228, 1235, 2 L.Ed 2d 1283 (1958). *Shaffer v Heitner,* 97 S.Ct. at 2577, n.17 [Emphasis added]. Evidently, it is the underlined portion of the above quotation that corresponds to "the first type of *quasi in rem* proceedings," and hence, to the category of "claims to the property itself" as the source of the underlying controversy, and as to which, according to *Shaffer,* it would be "unusual" for the State not to have

jurisdiction solely on the basis of the presence of the property within its borders.

The subject case, however, is neither an *in rem* action nor a *quasi in rem* action "of the first type". The plaintiff's complaint sounds in two counts entitled "Damages" and "Injunction", respectively, and alleges a civil theft, in violation of Florida Statutes 812.014(1) and 812.012(2), as the basis for the cause of action. Subsequently, the plaintiff filed an amended complaint, seeking to add two other counts sounding in breach of contract and conversion, respectively. Clearly, the plaintiff in this action is not seeking to "secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons," and his cause of action is therefore not a *quasi in rem* action of the second type, that is, one where "the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him". *Shaffer v Heitner,* 97 S.Ct. at 2577, n.17. And evidently, the plaintiff's cause of action against the defendant is therefore not to be viewed as one in which, in accordance with *Shaffer,* "claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant" such that "it would be unusual for the State where the property is located not to have jurisdiction."[2]

The plaintiff also relies on policy considerations, urging that to deny him access to relief in this court is tantamount to permitting the State's banks to be a haven for the money of all embezzlers and dishonest debtors throughout the world. But in *Shaffer,* the court addressed these same policy concerns and rejected them as a justification for the adoption of a less onerous jurisdiction standard:

The primary rationale for treating the presence of property as a sufficient basis for jurisdiction to adjudicate claims over which the State would not have jurisdiction if *International Shoe* applied is that a wrongdoer

"should not be able to avoid payment of his obligations by the expedient of removing his assets to a place where he is not subject to an in personam suit." Restatement § 66, Comment a.

Accord, Developments 955. This justification, however, does not

---

[2] Despite the typically personal nature of the causes of action pled, the plaintiff attempted to effect service of process on the defendant only by publication, pursuant to Florida Statutes Chapter 49 (1989), the notice of action having been directed to the defendant in Brazil.

explain why jurisdiction should be recognized without regard to whether the property is present in the State because of an effort to avoid the owner's obligations. Nor does it support jurisdiction to adjudicate the underlying claim. At most, it suggests that a State in which property is located should have jurisdiction to attach that property, by use of property procedures [footnote omitted], as security for a judgment being sought in a forum where the litigation can be maintained consistently with *International Shoe*. See, e.g. Von Mehren & Trautman 1178; Hazard 284-285; Beale, *supra,* n. 18, at 123-124. Moreover, we know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which the creditor cannot obtain personal jurisdiction over him. [footnote omitted] The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States. [footnote omitted][3] *Shaffer v Heitner,* 97 S.Ct. at 2582-2583. In short, while this court has given ample consideration to the plaintiff's position, the controlling constitutional rule of law on the subject—by which this court is bound—provides that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny". *Shaffer v Heitner,* 97 S.Ct. at 2584. And as the Court later explicitly reaffirmed in *Rush v Savchuk:*

We held in *Shaffer* that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action. The ownership of property in the State is a contact between the defendant and the forum, and it may suggest the presence of other ties. 433 US., at 209, 97 S.Ct., at 2582. Jurisdiction is lacking, however, unless there are sufficient contacts to satisfy the fairness standard of *International Shoe. Rush v Savchuk,* 100 S.Ct. at 577.

Since as in *Shaffer* and *Rush,* the record in this case supplies no further contacts between the defendant and the forum, and since plaintiff herein has not even *alleged* that any such further forum contacts exist, this court concludes that it lacks quasi in rem jurisdic-

[3] In a footnote, the court proceeded to explain: *"Once it has been determined* by a court of competent jurisdiction that the *defendant is a debtor* of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter. Cf. n. 18, supra."* [Emphasis added] *Shaffer v Heitner,* 97 S.Ct. at 2583, n.36.

tion in this cause,[4] grants the defendant's motion for dissolution of the temporary injunction issued herein, grants the defendant's motion to dismiss for lack of in rem jurisdiction, and denies the plaintiff's motion for pre-judgment writ of garnishment. In light of this court's determination of the jurisdictional issue, it becomes unnecessary to address at this time any other legal issues raised by the parties' respective motions, such as whether garnishment or a preliminary seizure of property lies where the "indebtedness" at issue, including the amount thereof, is not fixed, certain or absolute, but is contingent or uncertain. See 13 Fla.Jur.2d *Creditor's Rights,* 396 (1979).

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 31st day of August, 1990.

---

[4] The plaintiff also cites *Venetian Salami Company v Parthenais,* 554 So.2d 499 (Fla. 1989), for the proposition that in cases where the parties' affidavits are in conflict on the facts germane to the issue of jurisdiction over the person, the proper procedure is for the court to hold a limited evidentiary hearing in order to resolve the jurisdiction question. But there is no such conflict in the subject case, at least none that touches upon the seminal jurisdictional issue of forum contacts with the State. Indeed, the facts relevant to jurisdiction are not controverted. From the outset, the plaintiff never alleged, nor has he ever taken the posture, that the defendant has any contacts with Florida other than for the presence of the bank account at issue in Miami.