QUINCE, Judge.
Klaus Jesse seeks review of an order modifying the child support provisions of a final judgment of dissolution entered in Hamburg, Germany. The modification order retroactively increases Jesse’s child support obligation and requires him to reimburse Marjo-lein Robinson, his former wife, for medical expenses not covered by the child’s health insurance policy. We reverse because the trial court was without subject matter jurisdiction to modify the foreign decree.
The final judgment of dissolution incorporated a settlement agreement which awarded the former wife primary custody of the parties’ son, Jeroen, and granted Jesse liberal visitation rights. The former wife subsequently relocated to Florida and since that time has been unwilling to comply with visitation provisions of the final judgment. Consequently, on July 10, 1995, Jesse filed a petition to enforce his visitation rights under Florida’s Uniform Child Custody Jurisdiction Act (the UCCJA). See § 61.1302 et seq., Fla. Stat. (1995).
On July 26, 1995, the trial court entered a temporary order granting Jesse’s petition and domesticating the foreign judgment “for all purposes.” Twelve days later, the former wife filed a petition to- modify the German judgment to increase child support. The former wife’s petition pleaded no jurisdictional basis for modification other than the trial court’s previous order domesticating the final judgment.
Jesse moved to dismiss the petition, arguing that the final judgment and the incorporated settlement agreement are enforceable under German law, and that the trial court was without subject matter jurisdiction to modify the judgment. Jesse’s motion also alleged that at the time the final judgment was entered the parties agreed there would be no future claims of additional compensation or income, irrespective of legal reason. As a precaution against future claims, the parties mutually agreed to renounce all such claims as a condition of settlement. The trial court ultimately denied Jesse’s motion based on the finding that Jesse’s petition to enforce visitation rights served to domesticate the foreign judgment “for all purposes.”
The question before us is whether an action filed under the UCCJA to enforce custody provisions of a German final judgment establishes subject matter jurisdiction to modify child support provisions of the judgment when the party seeking modification has neither pleaded nor established a jurisdictional basis for modification. Based on the record and applicable law, we answer this question in the negative.
Florida courts have consistently held that actions filed to enforce foreign custody orders under the UCCJA do not confer personal jurisdiction over the nonresident parent for consideration of matters outside of the UCCJA, including child support. See, e.g., Baggett v. Walsh, 510 So.2d 1099 (Fla. 1st DCA 1987) (nonresident husband did not waive jurisdictional defenses against petition for increased child support by filing a motion to enforce visitation rights under foreign judgment); Fox v. Webb, 495 So.2d 879 (Fla. 5th DCA 1986) (subject matter jurisdiction established under UCCJA does not confer personal jurisdiction to alter or enforce child support obligations, unless jurisdiction is obtained on grounds other than the UCCJA); Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985) (UCCJA provisions did not provide trial court with jurisdiction over nonresident spouse to entertain resident spouse’s petition to increase child support). We recognize that the child support claims in each of the foregoing cases were dismissed due to lack of personal jurisdiction rather than lack of subject matter jurisdiction; however, this distinction is not dispositive of the jurisdictional defense advanced here.
In any cause of action, a court must not only have jurisdiction over the parties but must also be vested with subject matter jurisdiction in order to grant relief. See Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971). Subject matter jurisdiction arises by virtue of law only; it is conferred by constitution or statute and cannot be created by waiver or acquiescence. See Board of Trust *1181 ees of Internal Improvement Trust Fund of State v. Mobil Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984), quashed in part on other grounds by Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla.1986). Section 61.1308, of Florida’s UCCJA creates subject matter jurisdiction necessary for Florida courts to make custody determinations on disputes arising from foreign custody decrees. Such determinations, by express definition, do not include decisions “relating to child support or any other monetary obligation.” See § 61.1306, Fla. Stat. (1995). Based on the foregoing, we must conclude that Jesse’s petition to enforce visitation rights under the UCCJA did not confer upon the trial court subject matter jurisdiction to modify the child support provisions of a final judgment which was otherwise enforceable in the jurisdiction where it was entered. ’
Chapter 88, Florida’s Revised Uniform Reciprocal Enforcement Act (1995) (URESA), provides the statutory basis for establishing subject matter jurisdiction over foreign child support orders. See § 88.011, et seq., Fla. Stat. (1995); Koon v. Boulder County, Dep’t of Social Servs., 494 So.2d 1126 (Fla.1986).[1] The former wife’s child support claim should have been filed under the provisions of chapter 88. See §§ 88.101, 88.321 et seq., Fla. Stat. (1995); Kain v. State Dep’t of Health and Rehabilitative Servs., 645 So.2d 578 (Fla. 2d DCA 1994) (complaint to establish foreign child support order as Florida judgment should be filed pursuant to chapter 88 concerning- foreign support orders). While URESA does not define the term “foreign” support orders, we find that it applies to the German support order in this case based on section 88.0405, Florida Statutes- (1995), which extends URESA provisions to child support orders entered in foreign nations.
Part IV of URESA describes the procedural steps necessary for registering a foreign support order and prosecuting a URE-SA enforcement action. These steps include a determination of the existence of reciprocal law in the foreign court of original jurisdiction. See §§ 88.141, 88.351(1)(b), Fla. Stat. (1995). It is our belief that obtaining a determination of reciprocity and satisfying other procedural requirements set forth in Part IV was necessary to imbue the circuit court with subject matter jurisdiction to modify the foreign support order here in dispute. We recognize that such judgments would be enforceable under principles of comity; however, absent compliance with URESA provisions, we conclude the trial court was without jurisdiction to modify the foreign support order. See, e.g., Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983) (registration necessary under URESA to consider petition to modify foreign judgment). .
The former wife argues that because Jesse owns real property in Florida, he is subject to personal jurisdiction in the courts of this state under Florida’s long arm statute. § 48.193(1)(c), Fla. Stat. (1995). However, personal jurisdiction gained by way of Florida’s long arm statute does not confer subject matter jurisdiction to modify a child support order previously established by a foreign court of competent jurisdiction.
We conclude that the trial court erred by domesticating the German final judgment “for all purposes,” and further erred by modifying its provisions without establishing that the judgment was modifiable under reciprocal German law. We therefore reverse the judgment modifying the German support order.
DANAHY, A.C.J., and CAMPBELL, J., concur.

. The holding in Koon v. Boulder County, Dep’t of Social Servs., 494 So.2d 1126 (Fla.1986), has been modified by the enactment of federal legislation pertaining to modification of sister state support judgments. See 28 U.S.C. § 1738B; State, Dep’t of Revenue v. Skladanuk, 683 So.2d 624 (Fla. 2d DCA 1996); State Dep't of Revenue v. Fleet, 679 So.2d 326 (Fla. 1st DCA 1996).