# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-1057

_____

CLINTON FREDERICK BRAVO,

Petitioner,

v.

ANNE-MARIE JOSEPHINE
JOHNSON, f/k/a ANNE-MARIE
JOSEPHINE DONLAN,

Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.


November 13, 2024


ROWE, J.

Clinton Frederick Bravo (Father) petitions for a writ of prohibition to prevent the trial court from exercising jurisdiction over a petition to modify an Australian child support order filed by Anne-Marie Josephine Johnson (Mother). We grant the petition.

The parties and their now eighteen-year-old daughter are Australian citizens. In 2010, an Australian court awarded the parties equal timesharing of their daughter and incorporated a binding child support agreement. In 2018, the Australian court entered a consent order allowing Mother and daughter to relocate permanently to the United States. The court ordered long-distance

timesharing and contact. The court also incorporated in its 2018 order the parties' agreement to terminate the 2010 child support agreement, making clear that so long as the minor daughter remained living in the United States, Father "will not pay periodic or non-periodic support" for the child.

Father remained in Australia. Mother and daughter moved to North Carolina. Soon after, Mother and daughter moved to Florida without providing Father with their new address, which prevented Father from exercising his timesharing rights and right to contact the daughter. As a result, in 2019, Father initiated an action in Florida seeking to register and enforce the 2018 Australian timesharing order under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

Mother responded in 2020, with her own petition. Mother sought to modify timesharing and to modify child support. Though the Australian court had terminated child support, Mother argued that Father had not exercised his timesharing rights, resulting in increased timesharing on her part. Father moved to dismiss Mother's petition, arguing that only the Australian court could modify child support, as that court had continuing, exclusive jurisdiction under the Uniform Interstate Family Support Act (UIFSA).[1] The trial court allowed Mother to file an amended petition. The trial court then denied Father's motion to dismiss.

The lawsuit then languished for four years. In 2024, Father moved again to dismiss Mother's petition seeking to modify the Australian court's support order. He argued that Mother failed to allege any facts that would allow a Florida court to exercise jurisdiction under UIFSA over an Australian support order. Father argued that the Australian court retained exclusive jurisdiction to modify child support. After a hearing, the trial court denied Father's motion. Father then petitioned for a writ of prohibition to prevent the trial court from exercising jurisdiction over Mother's petition to modify the foreign support order.

---

[1] Father also argued that he had not exercised timesharing because of Mother's secretive relocation with daughter to Florida and subsequent interference with his timesharing rights.

*Analysis*

"Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." *Scott v. Francati*, 214 So. 3d 742, 748 (Fla. 1st DCA 2017) (quoting *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992)). Prohibition is the appropriate remedy when another court has exclusive jurisdiction over the subject matter of a case. *Id.* at 749. This court has issued the writ to prevent a Florida court from modifying another state's child support order when another state had exclusive jurisdiction to modify child support. *Cf. Pulkkinen v. Pulkkinen*, 127 So. 3d 738, 741 (Fla. 1st DCA 2013); *State, Dep't of Revenue v. Fleet*, 679 So. 2d 326, 329 (Fla. 1st DCA 1996). We conclude that the same remedy is available when a Florida court seeks to modify a foreign child support order when the foreign court has exclusive jurisdiction to modify support. Thus, the question here is whether the Florida court had jurisdiction to modify the foreign support order.

To answer the question, we must consider the interplay between UCCJEA and UIFSA. Father first sought relief in the Florida courts when he sought to register, under UCCJEA, the Australian court's 2018 order to enforce his timesharing rights. *See* §§ 61.506, 61.528, 61.531, Fla. Stat. (providing for international application of UCCJEA; providing for registration of a foreign court's order determining child custody; providing for expedited enforcement of a child custody determination). UCCJEA provides Florida courts with broad authority to **enforce** foreign timesharing orders.[2] Even so, a party seeking enforcement of a foreign custody order does not submit to the jurisdiction of the Florida courts simply by seeking to register and enforce the foreign custody order. *See* § 61.510(1), Fla. Stat. (2024) (explaining that participation alone in a proceeding to modify, enforce, or register a child custody determination is not enough to confer personal jurisdiction on a party for another proceeding in this state).

___

[2] UIFSA allows a foreign child support order to be registered in Florida for purposes of **enforcement**. § 88.6011, Fla. Stat.

3

But while UCCJEA and UIFSA broadly allow Florida courts to **register** and **enforce** foreign custody and support orders, Florida courts may **modify** foreign orders only in limited circumstances. Section 61.516 of UCCJEA provides for when a Florida court may modify a foreign court's custody order. UIFSA similarly allows a Florida court to modify a foreign support order—but under far more limited circumstances than UCCJEA's provisions allowing for modification of foreign custody orders. *See Baggett v. Walsh*, 510 So. 2d 1099, 1102 (Fla. 1st DCA 1987) ("[T]he court's jurisdiction in respect to visitation rights of nonresidents is conceptually different from its power to adjudicate and enforce support issues against nonresident parents."); *Fox v. Webb*, 495 So. 2d 879, 880 (Fla. 5th DCA 1986) (explaining that a Florida court had subject matter jurisdiction to modify another state's custody decree under the predecessor to UCCJEA, but it could not modify support payments created by another state's decree unless it obtained jurisdiction over the obligor through some other basis); *see also Henderson v. Hipp-Henderson*, 774 So. 2d 878 (Fla. 1st DCA 2000) (citing *Baggett v. Walsh*, 510 So. 2d 1099, 1102 (Fla. 1st DCA 1987)).

To **modify** a foreign support order—unless the foreign country participates in the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance[3]—a Florida court may exercise jurisdiction only when "a foreign country lacks or refuses jurisdiction to modify its child support order pursuant to its laws." §§ 88.1011(3), 88.1041(3), 88.6151(1), Fla. Stat. (2024). Australia does not

---

[3] A Florida court has broader authority to modify a convention support order than a non-convention support order. *See* § 88.7111(1)(a), Fla. Stat. As with a non-convention child support order, a Florida court may exercise jurisdiction when the foreign court "lacks or refuses to exercise jurisdiction to modify its support order." *Id.* But a Florida court may also exercise jurisdiction over a convention support order when the obligee submits to the jurisdiction of a Florida court "either expressly or by defending on the merits of the case without objecting to the jurisdiction at the first available opportunity." *Id.*

participate in the Convention.[4] ADMINISTRATION FOR CHILDREN AND FAMILIES, A CASEWORKER'S GUIDE TO PROCESSING CASES WITH AUSTRALIA 1 (2018) (updated 2021). So the trial court could exercise jurisdiction under UIFSA only if the Australian court lacked or refused jurisdiction. *See* § 88.6151(1), Fla. Stat. Mother never alleged that the Australian court lacked jurisdiction or refused to modify its 2018 order terminating child support. Nor did Mother allege that she tried to seek modification of the 2018 order in the Australian court. Because the Australian court did not lack jurisdiction or refuse to exercise jurisdiction to modify support, the trial court could not exercise jurisdiction under UIFSA to modify the Australian child support order.

Further, Father never waived his challenge to the trial court's jurisdiction to modify the Australian order terminating child support.[5] Father raised the jurisdictional argument at the first available opportunity. And throughout the proceedings, Father never abandoned his jurisdictional challenge.

Because the Australian court has continuing, exclusive jurisdiction to modify its 2018 support order, the trial court lacked jurisdiction over Mother's petition to modify child support. We, therefore, GRANT the petition for writ of prohibition and remand with directions to grant Father's motion to dismiss Mother's petition to modify the foreign child support order.

ROBERTS and LONG, JJ., concur.

---

[4] *See* Hague Conf. on Priv. Int'l L., *Convention of 23 November 2007 on International Recovery of Child Support and Other Forms of Family Maintenance: Status Table* (May 14, 2024) (excluding Australia from list of Convention nations) https://www.hcch.net/en/instruments/conventions/status-table/?cid=131.

[5] Petitioner does not argue, and we do not address, whether a foreign order terminating child support may be "modified" under UIFSA.

_____

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

_____


Evan R. Marks and Carolyn W. West of Marks & West, P.A., Miami, for Petitioner.

Travis Ryan Johnson of Meador & Johnson, P.A., Pensacola, for Respondent.